(85 South. 569)

### Ex parte McNEIL.

### NORTH ALABAMA TRACTION CO. v. McNEIL.

### (8 Div. 240.)

(Supreme Court of Alabama. Feb. 12, 1920.)

1. Street railroads ⬅110(1)—Count sufficiently charged concurring negligence of owner of pole and runaway team causing it to fall.

A count, charging that traction company "negligently maintained a pole on the margin of B. street," and, after attributing to another negligence with respect to its "horse and wagon," concluded by alleging that the injury and damage suffered "was a proximate result of the combined and concurring negligence of both defendants," charged negligence against both defendants and attributed the wrong averred

to the joint wrong of both defendants, and was not simply a charge that the traction company was negligent in. allowing the other defendant's horse to run against the pole.

### 2. Certiorari ☞68—Conclusions of fact not reviewable.

On certiorari to review and revise a judgment of the Court of Appeals, conclusions of fact attained by the Court of Appeals are not reviewable.

### 3. Street railroads ☞110(1)—No negligence charged as to maintaining defective pole.

Allegation that "the defendants negligently caused or allowed a pole which was then and there standing upon the margin of B. street to be knocked down and upon, against, or across said automobile," did not charge that there was any negligence in maintaining a defective pole by defendant traction company, or that the injury resulted because of the maintaining of a defective pole.

Certiorari to Court of Appeals.

Petition of Leah McNeil for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of North Alabama Traction Co. v. Leah McNeil, 85 South. 568. Writ granted.

Callahan & Harris, of Decatur, for appellant.

The whole count must be considered in arriving at its true and full meaning. 163 Ala. 241, 50 South. 996. The words "negligently maintained" cover the active as well as the passive attitude of the traction company towards the pole. 161 Ala. 176, 49 South. 759; 164 Ala. 186, 51 South. 340; 159 Ala. 235, 48 South. 663; 11 Corpus Juris, 38; 208 S. W. 476; 166 U. S. 521, 17 Sup. Ct. 661, 41 L. Ed. 1101.

Eyster & Eyster, of Albany, for appellee.

The opinion of the Court of Appeals and the authorities there cited is a complete answer to the writ.

McCLELLAN, J. The plaintiff's (petitioner's) case was stated in two counts. The first reads:

"The plaintiff claims of the defendants the sum of $1,000 as damages for that, on and prior to March 14, 1918, the defendant North Alabama Traction Company negligently maintained a pole on the margin of Bank street, a public highway in the city of Decatur, Ala., and on said date, to wit, March 14, 1918, the defendant Alabama Power Company owned or operated a horse and wagon, and on said date plaintiff's automobile was standing or located on said Bank street, and while so located the. defendant Alabama Power Company negligently caused or allowed said horse to run, while attached to said wagon, against said pole above referred to and knock the same down on, against, or across plaintiff's said automobile breaking and crushing the top of said automobile, tearing and disfiguring the upholstering of the automobile, denting, scarring, and scratching the body of the same, and jarring and throwing the engine out of alignment. "And plaintiff alleges that said injury and damages to said car was the proximate result of the combined and concurring negligence of said defendants. All to her damage as aforesaid."

In the opinion of the Court of Appeals it is said:

"It will be noted that the negligence alleged in the first count of the complaint, as amended, is charged as follows: 'And while so located the defendant Alabama Power Company negligently caused or allowed said horse to run, while attached to said wagon, against said pole.' Clearly there could be no finding against the appellant on the first count of the complaint." 85 South. 568.

[1, 2] This pronouncement was predicated of an erroneous construction of the count quoted. The count expressly avers that the North Alabama Traction Company (the sole appellant in the Court of Appeals) "negligently maintained a pole on the margin of Bank street"; and, after attributing to the Alabama Power Company negligence with respect to its "horse and wagon," concludes by alleging that the injury and damage suffered "was the proximate result of the combined and concurring negligence" of both the defendants. (Italics supplied.)

The count's theory and effect was to charge negligence against both defendants and to attribute the wrong averred to the conjoint wrong of both defendants—a theory consistent with the principle recognized in Armstrong v. Montgomery Street Ry. Co., 123 Ala. 233, 246, 26 South. 349, and in L. & N. R. R. Co. v. Fitzgerald, 161 Ala. 397, 405, 406, 49 South. 860, among others. The conclusions of fact, attained by the Court of Appeals, are not reviewable on certiorari to this court. Ex parte Barrett Shipping Co., 196 Ala. 655, 656, 72 South. 259, and cases therein cited.

[3] The construction accorded the second count by the Court of Appeals is correct.

For the error committed in respect of the construction of the first count, the writ is awarded, and the cause is remanded.

Writ awarded.

All the Justices concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes