(96 South. 329)

## TENNESSEE COAL, IRON & R. CO. v. KIMBALL. (6 Div. 845.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 17, 1923.)

1. Action ⊜⟶38(4)—Counts held to refer to same transaction.

Two counts of a complaint for damages from breaking into plaintiff's house and leaving the door open *held* as against a demurrer, not reasonably susceptible of interpretation of referring to more than a single continuous transaction.

2. Trespass ⊜⟶45(1)—Evidence of condition after trespass competent only if shown similar.

Evidence of the condition in which the door and lock of plaintiff's house were found on the Monday following the Thursday on which defendant was alleged to have broken in and left the door open, resulting in damages, is competent only if the condition of the lock and door at the later date be shown similar to that in which defendant left them on the earlier date.

3. Trial ⊜⟶60(1)—Admitting evidence on promise to make competent error.

Admitting evidence of condition of a lock and door on a certain date, competent only if such condition was similar to that on an earlier date, on the mere promise that such similarity will be shown, is error.

4. Trial ⊜⟶60(1)—Modes of curing error in admitting evidence, not at the time shown competent.

Error in admitting evidence of condition, competent only if shown similar to condition on an earlier date, without previous showing of such similarity, can be cured only by subsequent showing of the similarity, or by exclusion of the admitted evidence.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Trial ☞90—No duty to move to exclude evidence admitted over objection and exception.**

No duty of subsequently moving to exclude rests on one over whose objection and exception there was admitted evidence of condition competent only if the condition be shown similar to that on a prior date, though it was admitted on the promise of the other party, which he failed to keep, to show such similarity.

**6. Trespass ☞12—Peaceable entry no defense against damages.**

Though one's entry of a house was peaceable, by pushing open an unlocked and unfastened door, this is no defense to action for injury to the contents by his leaving the door open; he having no legal right to do what he did.

**7. Trial ☞260(1)—Refusal of requests covered by instructions given, justified.**

Refusal of a party's requested instructions is justified where they are fully covered by other charges given for him.

**8. Trespass ☞7—Trespasser leaving door open not relieved of liability for damages from storm.**

That damage to the contents of plaintiff's house was caused by a storm would not relieve defendant of liability, if the articles would not have been damaged but for defendant's previous unauthorized breaking open the door and leaving it unfastened.

**9. Trespass ☞25—Breaking door not justified by consent to take article from house.**

The breaking open of the door of plaintiff's house, from which damage by the elements resulted, was not justified by any consent of plaintiff merely that defendant might come to the house and retake a refrigerator.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by Jack Kimball against the Tennessee Coal, Iron & Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Counts 2 and A are as follows:

"(2) Plaintiff claims of defendant the sum of $2,999.99 as damages for that whereas heretofore, and on, to wit, the 14th day of April, 1921, plaintiff was in possession of premises, to wit, No. 79 Church street, Pratt City, Jefferson county, Ala., when defendant's servant or agent, while acting within the line and scope of his authority under his said employment, did trespass upon said property of said plaintiff and did break open the door of his house, and did leave same open or insecure, and as the proximate result thereof rain and water and mud and dust entered plaintiff's house, greatly damaging his furniture and rugs and bedclothing and grafonola and records and pictures and chairs, and caused plaintiff great damage and inconvenience and expense. And plaintiff claims

punitive damages and avers that said house was wrongfully entered, and that the said damages were proximately caused by reason of the wanton act of defendant's servant or agent while acting within the line and scope of his authority under his said employment. Plaintiff avers that the entire amount involved in his said suit against this said defendant does not exceed the sum of $2,999.99, and does hereby waive his right to claim a greater amount of this defendant than $2,999.99, inclusive of interest and exclusive of costs."

"(A) Plaintiff claims of defendant the sum of $2,999.99 as damages for that whereas heretofore, and on, to wit, the 14th day of April, 1921, plaintiff was in possession of premises, to wit, 79 Church street, Pratt City, Jefferson county, Ala., when defendant's servants or agents, whilst acting within the line and scope of their authority as such under their said employment did unlawfully break into and damage said premises, and did break open the door thereof, and did leave same open or insecure, and plaintiff's premises were greatly damaged as the result of wind and water and mud, and plaintiff's rugs and furniture and grafonola and household furniture goods, chattels, window shades, clocks, jewelry, and records and pictures and clothing and bedclothing and chairs were damaged and made wet and broken as a proximate consequence thereof."

It is shown by the evidence that plaintiff had bought a refrigerator from the defendant's commissary on credit; that some payments were due thereon; that employés of defendant went to plaintiff's home and removed the refrigerator. There was a conflict as to whether plaintiff executed a lease sale contract for the refrigerator, and whether the door was closed and locked at the time of the removal of refrigerator.

The following charges were refused to defendant:

"(I) I charge you, gentlemen of the jury, the pushing open of an unlocked and unfastened door would be a peaceable entry, and if you believe from the evidence in this case the servants or agents of this defendant so entered the plaintiff's house, you cannot find a verdict in favor of the plaintiff."

"(H) I charge you, gentlemen of the jury, if you believe from the evidence in this case that plaintiff agreed that defendant's servants or agents should come to his house and repossess the refrigerator, then your verdict should be for the defendant."

"(J) I charge you, if you believe from the evidence in this case that plaintiff consented to the retaking or repossessing of the refrigerator in question, then your verdict should be for the defendant."

"(17) The court charges the jury that, if you believe the evidence, the plaintiff is not entitled to recover any damage in this case which you may be reasonably satisfied from the evidence was caused to his property by the storm which occurred on Saturday following the entry of his house on Thursday."

"(19) The court charges the jury that, if you believe the evidence in this case, plaintiff is not

entitled to recover any damages caused to his furniture or other property by the rain or storm:"

Percy, Benners & Burr, of Birmingham, for appellant.

Counts 2 and A were subject to demurrer for failure to show that the damages alleged were caused by the same transaction. Henry v. Carlton, 113 Ala. 636, 21 South. 225. Testimony as to the condition of objects several days after a transaction is inadmissible, unless it is shown that they were in the same condition at the time testified about as they were at the time of the transaction. Owen v. A. G. S. R. Co., 181 Ala. 552, 61 South. 924; Fletcher v. T. C. I. Co., 163 Ala. 240, 50 South. 996; C. of Ga. v. Teasley, 187 Ala. 610, 65 South. 981. One who enters premises to reclaim property sold by an instrument retaining title, and authorizing the seller to so enter and reclaim in the event of default, is not a trespasser. Street v. Sinclair, 71 Ala. 110.

George P. Bondurant, of Birmingham, for appellee.

The complaint was not subject to demurrer. Crews & Green v. Parker, 192 Ala. 383, 68 South. 287; Stowers Fur. Co. v. Brake, 158 Ala. 639, 48 South. 89.

ANDERSON, C. J. [1] There was no error in overruling the defendant's demurrer to counts 2 and A because of their failure to show or charge that the things complained of resulted from the same transaction. We think each of the counts shows that the entry into the house and leaving the door open was but one continuous act, and do not think that they are reasonably susceptible of the interpretation that defendant's servants broke into the house and removed the refrigerator, then fastened the door, and returned at some other time and opened the door and left it open. These counts are unlike the one condemned in the case of Henry v. Carlton, 113 Ala. 639, 21 South. 225.

[2-5] The evidence of John Island as to the condition in which he found the door and lock the following Monday when he examined same at the request of the plaintiff was only admissible upon the idea that conditions were similar, that is, that the lock and door were in the same condition when he examined them as they were when defendant's servants left them the previous Thursday, and there was no proof of this fact either before or after the reception of this evidence of Island. Indeed, the trial court ruled that the evidence of Island was not admissible, and only let it in upon the urgent insistence of counsel and with the assurance that it would be made competent by subsequent evidence as to the similarity of conditions and which was never produced. The trial court committed error in receiving this evidence, and the same was not cured by subsequent proof making the same competent. True, counsel for the defendant could have been more specific in his subsequent motion to exclude, but, having objected and excepted upon the introduction, the error could have been cured by subsequent evidence making it competent or the exclusion of same. Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565.

[6] The trial court did not commit reversible error in refusing defendant's requested charges I, 21, and 14. Charge I, if not otherwise faulty, ignores the plaintiff's denial of executing the conditional sale, and the defendant's servants had no right to enter the house and take the refrigerator except under a legal right to do so, although the entry was peaceable and without breaking the door.

[7] Charges 14 and 21, if not bad in form, were fully covered by the charges given for the defendant.

[8] There was no error in refusing the defendant's requested charges 17 and 19. There was evidence from which the jury could have reasonably inferred that the plaintiff's household articles would not have been damaged from the flood or storm on Saturday had not defendant's servants broken open the door and left it unfastened.

[9] The trial court did not err in refusing the defendant's requested charges H and J. If plaintiff consented for them to come to his house and retake the refrigerator, this did not justify them in breaking open the door, as indicated by the evidence of plaintiff's witnesses.

Since this case must be reversed for the ruling upon the evidence, it is unnecessary to pass upon the motion for a new trial.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.