(101 South. 601)

**DIXIE CONSTRUCTION CO. v. McCAULEY.**
(6 Div. 217.)

(Supreme Court of Alabama. Oct. 16, 1924.)

**1. Trespass ⬅40(2)—Complaint held to show necessary possession by plaintiff.**

Allegation in complaint that defendant's agent with force and arms broke and entered plaintiff's room in home of a third person *held* not to fail to show plaintiff's necessary possession.

**2. Trespass ⬅40(4)—Complaint held to show wrongful act of defendant or its agent.**

Complaint alleging that defendant's agent with force and arms broke into defendant's room *held* not to allege wrongful act of defendant or its agent.

**3. Appeal and error ⬅193(1)—Typographical error not ground for reversal, in absence of demurrer.**

Typographical error in one count of complaint for trespass, in that the word "room" was spelled "toom," was not cause for reversal, where attention was not called thereto by demurrer.

**4. Trespass ⬅45(5)—Evidence collars were soiled and marked with finger prints held admissible.**

Where plaintiff's case was that defendant's agent entered her room, searching for stolen goods, and took collars out of trunk and suit case, which he scattered about, she was correctly allowed to show that collars were soiled and marked with agent's finger prints, that agent's hands were dirty, and that she had to have collars laundered.

**5. Trespass ⬅47—Consequential damages not recoverable for trespass by constructive or implied force.**

Where trespass was by constructive or implied force only, plaintiff cannot, in action of trespass vi et armis, recover consequential damages.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Trespass ⊕47 — Direct or consequential damages recoverable for trespass by actual force.**

Where trespass was by actual force, damages resulting, whether direct or consequential, are recoverable.

**7. Evidence ⊕121(13)—Evidence of who was present when trespass was committed held part of res gestæ.**

Evidence of who was present when defendant's agent forcibly entered plaintiff's room was circumstance of res gestæ, and tended to illustrate gravity of wrong.

**8. Trespass ⊕45(4) — Evidence of presence and age of plaintiff's minor son during search of room, held competent.**

Where plaintiff's minor son was charged with stealing articles for which defendant's agent was searching plaintiff's room, and defendant introduced evidence to show that search was made with son's consent, it was competent for plaintiff to show son's presence at time of search and his nonage.

**9. Appeal and error ⊕1050(4)—Evidence of declaration of agent held without error in view of subsequent evidence of agency.**

There was no reversible error in permitting plaintiff to prove declarations by alleged agent, tendency of which was to show that he acted for defendant, where there was subsequent evidence of agency from other sources.

**10. Appeal and error ⊕1058(2)—Any error in sustaining objection to question held harmless, in view of full statement of matter by witness.**

Any error in sustaining plaintiff's objection to question to witness as to what alleged agent's duty was, if things were stolen from defendant's warehouse, was harmless, where witness shortly thereafter made full statement as to agent's duty.

**11. Appeal and error ⊕1050(1)—Admission of evidence which added nothing to jury's knowledge of subject, held not cause for reversal.**

Where there was evidence that at time of alleged trespass defendant corporation was building the M. dam, any error in permitting plaintiff to show that defendant was building it for the A. Power Company, was not cause for reversal, where evidence added nothing to jury's information.

**12. Trespass ⊕57 — Though trespass was without rudeness, plaintiff could recover substantial damages.**

Though defendant's agent, while forcibly searching plaintiff's room for stolen goods, did nothing rude, and his manner was not abusive or threatening, plaintiff could recover substantial damages.

**13. Master and servant ⊕332(2)—Refusal of defendant's affirmative charge, because evidence did not show agent acted within scope of agency, held without error.**

Evidence in action against corporation for trespass *held* to justify refusal of affirmative charge because evidence did not show that agent acted within scope of agency in searching plaintiff's room.

**14. Master and servant ⊕332(1)—Refusal of charge plaintiff could not recover because defendant's agent took away blanket of defendants held without error.**

Where plaintiff conceded that blanket found in her room, while being searched by defendant's agent, was defendant's property, and fact that agent claimed it, affording inference of agency, there was no error in refusing defendant's instruction that plaintiff could not recover damages based on fact that at time of agent's search he took away defendant's blanket.

**15. Master and servant ⊕332(2)—Refusal of charge defendant's agent taking defendant's blanket from plaintiff's room was not evidence of agency, held without error.**

Where there was evidence that defendant's agent claimed blanket found in plaintiff's room as property of defendant, there was no error in refusing defendant's charge that agent's taking defendant's blanket furnished no evidence that agent acted within scope of employment.

**16. Master and servant ⊕332(1)—Refusal of charge that verdict for plaintiff could not be found because defendant's agent took defendant's blanket from plaintiff's room, held without error.**

As agent's act in taking principal's blanket was circumstance affording inference of agency for defendant in searching plaintiff's room, there was no error in refusing instruction that jury could not find for plaintiff on fact that agent took blanket which it was admitted belonged to defendant.

**17. Trespass ⊕25—Refusal of charge that if search was at invitation of plaintiff's minor son, punitive damages could not be assessed, held without error.**

Where license of plaintiff's minor son to search extended only to son's room, which was not plaintiff's, it was proper to refuse charge that, if defendant's agent, in making search, acted on invitation of son, they could not assess punitive damages.

**18. Trespass ⊕13—Defendant's agent having permission to search plaintiff's trunk, held trespasser when he abused license.**

Defendant's agent, who had permission to search plaintiff's trunk, but also searched bed and suit case, used profane language, and rudely scattered her clothing on the floor, became trespasser from time he abused his license, even though he had it in the beginning.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action in trespass by Ada McCauley against the Dixie Construction Company. From a judgment for plaintiff defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

These charges were refused to the defendant:

"(8) The court charges the jury that the plaintiff cannot recover any damages in this case based on the fact that at the time Homer F. Baird made the search of plaintiff's room and trunk, he took away a blanket belonging to the defendant.

"(9) The court charges the jury that the fact that Homer T. Baird took from plaintiff's room a blanket belonging to defendant furnishes no evidence that the said Baird in making the search complained of was acting within the line and scope of his employment, or that he was at the time engaged in the accomplishment of objects within the line of his duties."

"(13) The court charges the jury that if you are reasonably satisfied from the evidence that at the time of making the search Baird had the permission of plaintiff then you cannot return a verdict for plaintiff.

"(14) The court charges the jury that if you are reasonably satisfied from the evidence that the witness Baird in making the search he was acting on the invitation of plaintiff's son Richard McCauley you cannot assess punitive damages in this case.

"(15) The court charges the jury that you cannot found a verdict in this case upon the fact that Baird took a blanket which it is admitted belonged to the defendant."

Martin, Thompson & Turner and Hobart A. McWhorter, all of Birmingham, for appellant.

In a trespass action, plaintiff must aver and prove possession of the property upon which the alleged trespass was committed. Cook v. Thornton, 109 Ala. 523, 20 So. 14; Johnson v. Wilson, 137 Ala. 470, 34 So. 392, 97 Am. St. Rep. 52. Facts showing a wrongful act, as well as recoverable damages, must be averred; conclusions are insufficient. Snedecor v. Pope, 143 Ala. 275, 39 So. 318. Where constructive or implied force only is used, consequential damages are not recoverable. Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 697. Agency cannot be proven by declarations of the alleged agent. Mid-Continent L. I. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Corona C. & C. Co. v. Callahan, 202 Ala. 649, 81 So. 591. To bind his employer, the agent must be acting within the line and scope of his authority, and engaged at the time in the accomplishment of objects within the line of his duty. Hardeman v. Williams, 150 Ala. 419, 43 So. 726, 10 L. R. A. (N. S.) 653; Palos C. & C. Co. v. Benson, 145 Ala. 664, 39 So. 727; T. C. I. Co. v. Rutledge, 196 Ala. 59, 71 So. 990. In the absence of evidence of substantial damages, only nominal damages are recoverable. City of Dothan v. Horseman, 197 Ala. 499, 73 So. 38. A search made with the consent of the plaintiff can neither be unlawful, wrongful, or malicious. Dillon v. U. S. (C. C. A.) 279 F. 639.

Allen & McEwen and James H. Bradford, all of Birmingham, for appellee.

The averment of possession is sufficient. O'Neal v. Simonton, 109 Ala. 167, 19 So. 412; 12 Michie's Ala. Dig. 301; B. R.. L. & P. Co. v. Abbott, 6 Ala. App. 643, 60 So. 970. If the trespass was accompanied by circumstances of aggravation, exemplary damages may be assessed. Parker v. Mise,

27 Ala. 480, 62 Am. Dec. 776; Mattingly v. Houston, 167 Ala. 167, 52 So. 78. Where there is evidence tending to show agency, the acts of declarations of the agent are admissible; and agency may be proven by circumstances. Robinson v. Greene, 148 Ala. 434, 43 So. 797; Salvo v. Wilson, 189 Ala. 446, 66 So. 613; Mid-Continent L. I. Co. v. Beasley, 202 Ala. 35, 79 So. 373. Where admission of statements of agency is premature, the error, if any, is cured by evidence subsequently introduced from which agency might be inferred. B. M. Co. v. T. C. I. Co., 127 Ala. 137, 28 So. 679; Eagle Ir. Co. v. Baugh, 147 Ala. 613, 41 So. 663; Corona C. & I. Co. v. Callahan, 202 Ala. 649, 81 So. 591. Though defendant entered under license, he became a trespasser from the time he exceeded the license. Snedecor v. Pope, 143 Ala. 275, 39 So. 318; 38 Cyc. 1002; Jernigan v. Clark, 134 Ala. 313, 32 So. 686.

SAYRE, J. [1-3] The complaint, fairly construed, is free from the fault of repugnancy attributed to it by defendant's (appellant's) demurrer. The allegation that defendant's agent "with force and arms broke and entered into plaintiff's dwelling house, to wit, her room in the home of Mrs. J. E. Robinson," etc., does not, for the purposes to be considered in this action of trespass, fail to show the necessary possession in plaintiff; nor does the complaint fail to allege a wrongful act on the part of defendant, or its agent. The allegations of the complaint are the allegations of ultimate facts, not objectionable conclusions. The brief refers to the fact that the third count contains the word "toom" instead of "room"; but this typographical error, which should have been avoided in the first place, would have been corrected, no doubt, had the demurrer called attention to it. At any rate, it will hardly now suffice as cause for reversal.

[4-6] Plaintiff's case was that one Baird, an agent of defendant, without warrant, entered her room at the house where she was boarding, searching for goods alleged to have been stolen from defendant, and took the contents out of a trunk and suit case, some collars among the rest, which he scattered about over the bed and floor. Plaintiff was correctly allowed to show the condition of the collars after Baird got through with them— that they were soiled and marked with finger prints. It was proper to show that Baird's hands were dirty as adding to the enormity of his irruption into a lady's chamber where he —according to plaintiff—mussed her clothing in the search for stolen fruit or what not. That the witness, plaintiff, "had to have them laundered again," though a mere trifle, was relevant and material as going a part of the way at least toward showing the restoration of the property to its former condition, the cost of which was chargeable to

defendant, if guilty as alleged. No doubt, where a trespass is attended by only constructive or implied force, the plaintiff cannot in an action of trespass vi et armis recover consequential damages; but here plaintiff's complaint, sustained by well developed tendencies of the evidence, was that defendant's trespass was accomplished by actual force, and, in such case, damages resulting, whether direct or consequential, are recoverable. See the cases cited to Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 697.

[7] There was certainly no error in allowing plaintiff to show who was present at the time and place of the wrong alleged. This was a circumstance of the res gestæ and tended to illustrate the gravity of the wrong.

[8] Likewise, it was competent to prove the age of plaintiff's son, a minor. He was on the premises. He was charged, as the jury may have found, with stealing the articles for which Baird was looking. And defendant introduced evidence to show that the search was made by and with his consent. In these circumstances it was competent for plaintiff to show his presence and his nonage.

[9] As it turned out there was no error in allowing plaintiff to prove declarations by Baird the tendency of which was to show that he was acting for the defendant company. Of course agency cannot be proved by the declarations of the agent without more, and at the time of the rulings just here in question (assignments of error 10, 11, 12, 13) it may be conceded there had been no evidence of agency from any other source; but that deficiency was afterwards supplied, and so error was obviated. Corona Coal Co. v. Callahan, 202 Ala. 649, 81 So. 591; Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663. Like considerations apply to assignments 14, 15, 16, and 17.

[10] If there was error in sustaining plaintiff's objection to defendant's question to its witness Klein as to what Baird's duty was if things were stolen from defendant's warehouse, it worked no harm, for the same witness very shortly thereafter made a full statement as to that, which went to the jury without objection.

[11] It appeared in evidence without objection that, at the time of the occurrence under investigation, defendant corporation was building the Mitchell dam, and this was proper as going to show the situation out of which arose the controversy between the parties. It is not made clear why the court allowed plaintiff further to show that defendant was building the dam for the Alabama Power Company. Appellant complains that this evidence was nothing better than an appeal to a widespread prejudice against the Power Company of which the court should take cognizance as a "thing which everybody knows." But if we must take cognizance of the prejudice against the Power Company, it would be difficult to pretend, at the same time, ignorance of the fact that Mitchell dam was built for the Power Company, or to avoid the conclusion that the evidence in question added nothing to the jury's information on the subject proposed. In any event, we cannot think the judgment in this case should be reversed on account of the ruling under review.

[12] Charges 7, 10, and 11 were refused to defendant without error. These charges assert the proposition that, if Baird, while making the search, that is, the trespass complained of, did nothing rude and his manner was not abusive or threatening, plaintiff could recover not more than nominal damages. The wrong complained of, though committed with the politeness of a Chesterfield, was calculated to bring an honest person into public contempt, to humiliate a just pride, and to wound proper feeling. For such wrong plaintiff was entitled to substantial damages as claimed in the complaint. Mattingly v. Houston, 167 Ala. 167, 52 So. 78.

[13] Several assignments of error—22, 28, 29, 30, and 31—are based upon the contention that defendant was due the general charge for the reason that there was no competent evidence that Baird was acting within the line and scope of his agency for defendant. It was not necessary to defendant's liability that Baird's authority to do the thing charged against him by the evidence should have been expressly conferred, or that the particular act should have been authorized. His authority may have been implied from his relation to his principal, the nature of his employment, and the mode in which he was permitted to conduct the business. Robinson v. Greene, 148 Ala. 434, 43 So. 797. Baird was in charge of defendant's warehouse and materials and supplies at Mitchell dam. Baird's superior was one Klein, and, according to the evidence for plaintiff Klein participated in an examination of plaintiff's son at the dam, eight miles from the Robinson house at Cooper's station, which examination sought to develop the son's connection with the larcenies of which defendant complained, assisted in the search of the son's room across the hall from plaintiff's, and was on the premises when plaintiff's room, trunk, and suit case were searched. These facts in connection with declarations by Baird in the progress of the search, that he was looking for property, fruit, groceries, etc., that had been stolen from defendant's warehouse, authorized a finding that he was acting for defendant and within the line and scope of his agency. These facts were denied by Baird, who, as a witness, insisted that he was in quest of his individual property, a shotgun and a razor; but the issue thus raised was one for jury decision.

[14-16] Charges 8, 9, and 15, requested by

defendant, were correctly refused. Plaintiff's evidence was to the effect that while searching her room Baird claimed and took away, as the property of defendant, a blanket which he found on her bed. Plaintiff conceded that the blanket was the property of defendant, offering an explanation of its presence—which we need not stop to state—entirely consistent with innocence. The fact that Baird claimed the blanket as the property of defendant was a circumstance, in connection with the other evidence, affording an inference of his agency and defendant's responsibility for what he did.

[17] It seems too clear for argument that defendant was correctly denied the right, which it claimed, to justify its inroad upon plaintiff's premises by a license from plaintiff's minor son. Moreover, the license relied upon extended only to the son's room which was not plaintiff's. Charge 14 was properly refused to defendant.

[18] Charge 13 also was properly refused. There was evidence to support defendant's contention that Baird had plaintiff's permission to search her trunk. Plaintiff in effect denied defendant's contention in that matter. But, if the jury found that plaintiff had agreed that Baird might search her trunk, that permission did not extend to her bed and suit case, nor did it justify circumstances of wrong in its execution to which plaintiff testified, viz.: That Baird was under the influence of whisky; that with profane language he ordered her to open her trunk; and that he rudely scattered her clothing of every sort about the floor where he left it. By such behavior, if found by the jury, defendant's agent became a trespasser from the time he abused his license, even though he had it in the beginning. Snedecor v. Pope, 143 Ala. 275, 39 So. 318.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.