(126 So. 844)

### DANLEY-EVERS FURNITURE CO. v. CAULEY.

#### 4 Div. 473.

Supreme Court of Alabama.

March 13, 1930.

Simmons & Simmons, of Opp, for appellant.

C. B. Fuller, of Opp, and A. R. Powell, of Andalusia, for appellee.

THOMAS, J.

The appellant was the defendant in the lower court. The suit was tried before a jury, and judgment rendered against defendant for $50. The nature of the action was to recover damages for the unlawful taking and withholding of certain household goods described in the complaint, shown to have been the property of the plaintiff.

The trial court in its general charge confined the jury to consideration of counts 5 and 6, by granting the general affirmative charge at the request of defendant as to the other counts.

After judgment there was a motion by the defendant for a new trial, which was overruled.

The evidence tended to show that the appellant was engaged in the furniture business; that the husband of appellee was indebted to appellant for the purchase price of furniture; that L. H. Evers, a member of the firm (appellant), went to the home of plaintiff's husband for the purpose of repossessing his (appellant's) furniture; that the husband and the appellee were away from home, having gone to the home of appellee's parents on a visit, because of her impending illness; that appellee and her husband were tenants on the farm of Jethro Adams; that the door to their home was unlocked and said Evers, together with a negro helper, in the presence of the landlord (Mr. Adams), pushed the door open and removed certain furniture therefrom, including a trunk belonging to appellee, a fact at the time not known to Evers;

that plaintiff's furniture and trunk, along with other furniture belonging to the husband of appellee, were carried by truck to Opp, Ala., and placed in the store building of appellant-defendant. Appellee testified that she made demand for her part of the furniture and the trunk (the latter containing baby garments, then much needed), but appellant refused to give up and redeliver the trunk and furniture as demanded. Appellee brought suit in the justice court for possession of said personal property and goods. That detinue suit was tried and judgment rendered for appellee; the court gave no judgment for damages for the detention or damages otherwise.

The evidence further showed that the value of the property so taken was about $42, and there was testimony as to the physical condition of the chairs, etc., at the time delivery was made after the judgment in detinue; but there is no evidence in the record as to the amount of damages to the property taken. The appellee testified that she received all of her property taken, and redelivery was made after the trial of the detinue suit.

The first assignment of error was the overruling of demurrers to counts 5 and 6 of the complaint on the insistence that there were not sufficient allegations authorizing recovery, or of exemplary damage. The allegations were "wrongful taking" that was "unlawful," and that defendant wantonly and maliciously refused to surrender possession; and for such unlawful taking and wanton and malicious holding, exemplary damages are claimed. The assignment of errors is joint as to ruling on demurrers to counts 5 and 6. The counts are not both subject to demurrers directed thereto. Though the entry to the house was unlawful, the fact that it was accomplished peacefully is no defense to the action to inquire into contents taken therefrom and wantonly and maliciously withheld after due demand. Tennessee Coal, Iron & R. R. Co. v. Kimball, 209 Ala. 466, 96 So. 329; Dixie Construction Co. v. McCauley, 211 Ala. 683, 101 So. 601.

In the Kimball Case, supra, it was declared that where the taking was wrongful, the leaving of the door open after removal of the property, causing damage to contents of the building, entitled plaintiff to recover therefor. Here, the appellant had no right to enter and take plaintiff's property, though entry was peaceable and the unlawful act continued and extended to the alleged willful, wanton, and malicious withholding of same.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, and BROWN, JJ., concur.