ADAMS, Justice.
This is the second time this case has come before this Court on appeal. In the first appeal, we affirmed the imposition of liability, but remanded the case for a determination of the appropriate damages to be awarded to the Dolbeers. See Aldridge v. Dolbeer, 567 So.2d 1267 (Ala.1990). Thereafter, following an ore tenus hearing, the trial court assessed damages at $9,500. The defendant again has appealed.
The facts of this case are set forth in our first opinion and, for the convenience of the reader, the pertinent facts are duplicated below:
“In September 1984, the Dolbeers entered into a contract with Aldridge whereby they purchased approximately 3.3 acres of undeveloped real estate from him for $7,500. The property was part of a residential development planned by Aldridge known as Caldwell Estates. That sales contract contained the following provision:
“ ‘Seller [Aldridge] will install water to property at no cost, other ■ than required by County, to Purchaser[s] [the Dolbeers].’
“Despite that provision, Aldridge has not yet installed water on the Dolbeers’ property. As a result of his failure, the Dolbeers filed • a complaint alleging breach of contract and seeking specific performance or money damages. Following a nonjury trial, the court entered a judgment for the Dolbeers awarding, damages of $10,270.”
567 So.2d at 1269.
Following our remand after that first appeal, the trial court held an ore tenus hearing and made the following pertinent findings of fact:
“1. That the defendant breached his contract with the plaintiffs in April, 1986.
“2. That the fair market value of the property purchased by the plaintiff from the defendant in April of 1986, prior to the installation of any water lines was $7,500.00. This was also the purchase price of the property in September, 1984. In arriving at this figure, the Court relies on the plaintiff’s testimony as the owner of the property, the fact that $7,500.00 was the purchase price of the property, and the fact that the plaintiff testified that the defendant represented to him that the fair market value of the land without water in April of 1986 was $7,500.00, which testimony was undisputed at trial.
“3. That the fair market value of the property, had water been installed to the property in April of 1986, would have been between $17,000.00 and $20,000.00. The Court accepts the figure of $17,-000.00 and this is based on the testimony of the plaintiff as to representations made by the defendant to him regarding the value of the property in April of 1986, with water installed.
*83 “4. Had the defendant not breached the contract in April of 1986, the plaintiff’s property would have been worth $9,500.00 more....”
The trial judge found that the difference in the value of the property in 1986, with water and without water, was $9,500 and assessed damages in that amount.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpable wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989). William Dolbeer testified that, in his opinion, the property in 1986 was worth between $7,500 and $10,000, without water, and that that value would have increased to between $17,000 and $20,000 if the water had been installed. The findings of the trial judge in this case were not plainly and palpably wrong, and, therefore, will not be disturbed by this Court.
In addition to arguing that the trial judge awarded excessive damages, Al-dridge also contends that the judge erred in refusing to grant a continuance. Aldridge had requested the continuance because his expert was obligated to be somewhere else on the date of the trial. We find no error. The case had already been continued on one occasion, and it is well established that the grant or denial of a motion for continu-anee is within the sound discretion of the trial judge and will not be disturbed except for an abuse of discretion. See Scullin v. Cameron, 518 So.2d 695 (Ala.1987).
We have also considered Aldridge’s argument that the Dolbeers should not have been allowed to offer evidence regarding attorney fees, and we find no merit in his contentions.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ„ concur.