[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 970 
The plaintiffs, Kenneth Thrash and Kathryn Thrash, appeal from a summary judgment in favor of a defendant, Credit Acceptance Corporation ("CAC"). We reverse and remand.
 I.
On or about December 2, 1996, the Thrashes entered into a retail-installment contract and security agreement with CAC in connection with their purchase of a used automobile. The agreement required the Thrashes to make monthly payments, on a loan beginning on January 1, 1997, and the loan was secured by the 1989 Oldsmobile Cutlass Ciera automobile they purchased.
The agreement provided, in pertinent part:
 "Remedies. . . . if you are in default on this Contract, we have all of the remedies provided by law and this Contract:
". . . .
 "D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. . . ."
(Emphasis added.)
The Thrashes made the payments required by the agreement on January 11, 1997, and on February 20, 1997, but made no payment in March or April. The Thrashes testified that CAC had agreed to allow the March and April payments to be made by the end of April.
CAC employed Gulf Coast Recovery Services Storage, Inc. ("GCRS"), to repossess the Thrashes' automobile. During the early-morning hours of April 24, 1997, GCRS removed the automobile from the Thrashes' residence. GCRS did not contact the Thrashes before the repossession. Finding the automobile parked under a carport in a driveway, GCRS attached a winch to the rear of the vehicle to drag it to the street. Because the front wheels were locked, GCRS poured liquid dish-washing soap on the driveway, lubricating the driveway and making it easier to drag the vehicle to the street, where it could be towed from its front. GCRS did not tell anyone that it had placed the lubricant on the driveway.
When the vehicle was being repossessed, Kenneth Thrash was at work. Kathryn, *Page 971 
his wife, telephoned him from their residence, and informed him that the vehicle was being stolen. Kenneth told Kathryn to telephone the police, and he left work to return to their residence. When he arrived at their residence, Kenneth parked his vehicle in the driveway, got out of the vehicle, and ran toward the back door. In the carport, he stepped in the slippery dish-washing liquid and fell, allegedly suffering severe and disabling injuries.
 II.
The Thrashes sued CAC and GCRS in the Mobile Circuit Court. Their complaint alleged that CAC and GCRS were negligent or wanton in leaving a clear liquid lubricant on the floor of their carport, allegedly causing Kenneth to slip and fall, injuring his back. They further alleged that CAC and GCRS's actions constituted a wrongful repossession and a trespass upon their real property and violated § 7-9-503, Ala. Code 1975.
CAC moved for a summary judgment, contending that it could not be vicariously liable for the alleged wrongdoing of GCRS, an independent contractor. Further, CAC argued that GCRS had not committed a breach of the peace for which CAC would be liable. The trial court entered a summary judgment in favor of CAC.
The case against GCRS proceeded to a jury trial. The Thrashes received a judgment in their favor, and later reached a pro tanto settlement with GCRS. The Thrashes appeal from the summary judgment in favor of CAC.
 III.
CAC made a prima facie showing in support of its motion for a summary judgment that GCRS was an independent contractor and that in repossessing the vehicle GCRS had not committed a breach of the peace. Therefore, the burden shifted to the Thrashes to present "substantial evidence" creating a genuine issue of material fact. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989); § 12-21-12(d), Ala. Code 1975. Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact to be proved." West v. Founders LifeAssur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This Court must review the record in a light most favorable to the Thrashes, and must resolve all reasonable doubts against CAC. Martin v. City of Linden,667 So.2d 732, 736 (Ala. 1995).
Applying these well-established principles, this Court must resolve two dispositive issues. First, did the Thrashes present substantial evidence that GCRS was acting as CAC's agent, and not as an independent contractor? Second, did the Thrashes present substantial evidence that in repossessing the vehicle GCRS committed a breach of the peace or an unlawful entry onto their premises? If both questions are answered in the affirmative, then the trial court erred in entering the summary judgment for CAC on all counts of the complaint.[1]
 IV.
The Thrashes contend that GCRS was acting as CAC's agent in repossessing the automobile, and that, therefore, CAC is vicariously liable for GCRS's wrongdoing. This Court stated the controlling principles of agency law in Malmberg v. American Honda Motor Co., Inc.,644 So.2d 888, 890 (Ala. 1994): *Page 972 
 "Agency is generally a question of fact to be determined by the trier of fact. See Oliver v. Taylor, 394 So.2d 945 (Ala. 1981). When a defendant's liability is to be based on agency, agency may not be presumed; rather, when on a motion for summary judgment a defendant has made a prima facie showing that there was no agency relationship, the party asserting agency has the burden of presenting substantial evidence of the alleged agency. Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921 (Ala. 1988); Wood v. Shell Oil Co., 495 So.2d 1034 (Ala. 1986). The test to be applied in determining whether there existed an agency relationship based on actual authority is whether the alleged principal exercised a right of control over the manner of the alleged agent's performance. Control must be proven; and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract. Id."
(Emphasis added.) The right-of-control test requires that the right be reserved, not that the right be actually exercised.
 "The test for determining whether a person is an agent or employee of another, rather than an independent contractor with that other person, is whether that other person has reserved the right of control over the means and method by which the person's work will be performed, whether or not the right of control is actually exercised. Alabama Power Co. v. Beam, 472 So.2d 619
(Ala. 1985). How the parties characterize the relationship is of no consequence; it is the facts of the relationship that control."
Martin v. Goodies Distribution, 695 So.2d 1175, 1177 (Ala. 1997).
The Thrashes contend that they presented substantial evidence indicating that CAC had reserved the right of control over the manner in which GCRS repossessed their automobile. We agree. *Page 973 
Terry McMillen, a representative of GCRS, testified by deposition that GCRS preferred to contact the debtor before repossessing a vehicle. However, CAC had instructed GCRS to make no contact with the debtor before a repossession, thus evidencing the actual exercise of a right of control over the manner of GCRS's performance. Following that instruction, GCRS did not advise the Thrashes that the vehicle was being repossessed. Consequently, Kathryn Thrash concluded that the vehicle was being stolen, and she so informed her husband.
There is evidence indicating that Kenneth Thrash fell when he stepped in slippery dish-washing liquid, which GCRS had used to lubricate the driveway and to facilitate the repossession. Randy Smirnoff, a representative of CAC, testified by deposition that once CAC learned that GCRS was using a lubricant, CAC had the authority to instruct GCRS to abandon its use, thus evidencing CAC's retained right of control over the manner of GCRS's performance.
 V.
A creditor has a nondelegable duty to avoid a breach of the peace when repossessing a vehicle. General Fin. Corp. v. Smith, 505 So.2d 1045
(Ala. 1987). In its retail-installment contract and security agreement with the Thrashes, CAC assumed another nondelegable duty — the duty to avoid an unlawful entry onto the Thrashes' premises during the repossession of the automobile. The Thrashes contend that they presented substantial evidence indicating that GCRS committed a breach of the peace and that GCRS entered their premises unlawfully when it repossessed their automobile. We agree.
It is unlawful for a repossession to be accomplished in a manner that creates a substantial risk of injury to the secured parties or to any innocent bystanders.
 "The applicable law regarding secured transactions and repossessions is well settled in Alabama. Ala. Code 1975, § 7-9-503, provides:
 "`Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace. . . .'
 "This section allows the secured party, after default, to take possession of collateral without judicial process if possession can be accomplished without risk of injury to the secured party or to any innocent bystanders. General Finance Corp. v. Smith, 505 So.2d 1045 (Ala. 1987)."
Pleasant v. Warrick, 590 So.2d 214, 216 (Ala. 1991) (emphasis added). The Thrashes offered substantial evidence indicating that GCRS created a hazard that posed a substantial risk of injury to them, when GCRS entered their premises under cover of darkness, poured a slippery substance onto the driveway, and then left the premises without removing the substance or warning the Thrashes of its presence.
The same evidence would also be sufficient to support a conclusion that GCRS had unlawfully entered onto the Thrashes' premises. One can be liable to another for trespass where "the person . . . . intentionally cause[s] some `substance' or `thing' to enter upon another's land." Bornv. Exxon Corp., 388 So.2d 933, 934 (Ala. 1980). The party who has a legal right to enter the land of another for a particular purpose becomes a trespasser when the party does some act that he has no legal right to do. See, e.g., Dixie Constr. Co. v. McCauley, 211 Ala. 683, 101 So. 601
(1924).
 VI.
The trial court erred in entering the summary judgment for CAC. Therefore, the summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.
Johnstone, J., concurs specially.
Moore, C.J., concurs in part and dissents in part.
[1] CAC did not argue that there was no substantial evidence that GCRS had acted negligently in leaving the lubricant on the pavement of the carport.