The record makes it very clear that, when Argo's counsel objected to Walston's testifying about how much it would cost to fix the lake, the trial judge overruled the objection, stating that he knew the proposed testimony was hearsay but that he would allow the testimony because he understood that Walston had anexpert witness waiting "to testify on that." I believe the court's action was analogous to admitting evidence conditionally, subject to its later being "connected up," or made competent, by other evidence.
 "The trial court has discretion to conditionally admit evidence of a fact on the pledge that additional evidence will be introduced to make the first evidence competent. Gamble, McElroy's Alabama Evidence, (3d ed.), § 13.01; Minto v. State, 8 Ala.App. 306, 62 So. 376 (1913). If additional evidence is not introduced to make the first competent, then error results unless the trial court excludes that which was conditionally admitted. Tennessee Coal, Iron and R. Co. v. Kimball, 209 Ala. 466, 96 So. 329 (1923)."
Thomas v. State, 370 So.2d 1066, 1068 (Ala.Crim.App. 1978) (emphasis in original).
I agree with the main opinion that the trial court erred in considering Walston's incompetent testimony because, when the trial was halted and the "additional evidence" from Walston's expert was not introduced, error resulted from the court's admission of Walston's hearsay testimony. As the main opinion points out, a "plaintiff has the burden of producing sufficient evidence of his loss to allow the factfinder to calculate the damages without operating from guesswork." 885 So.2d at 184 (citing Aldridge v. Dolbeer, 567 So.2d 1267, 1270 (Ala. 1990)). Walston did not meet his burden.
When Argo failed to satisfy his obligation under the parties' settlement agreement, Walston should have moved the court to reconvene the trial to hear evidence from his expert relating to damages. Because Walston did not do so, the trial court was left with no legal evidence of damages.
Damages are an essential element of a breach-of-contract claim.Reynolds Metals Co. v. Hill, 825 So.2d 100 (Ala. 2002). When a party fails to prove actual damages in a breach-of-contract case, he may recover only nominal damages. See Corson *Page 185 v. Universal Door Systems, Inc., 596 So.2d 565, 569 (Ala. 1991); James S. Kemper Co. Southeast, Inc. v. Cox Associates, Inc., 434 So.2d 1380, 1385 (Ala. 1983). Seegenerally 11 Williston on Contracts, § 1339A at 206, 208 (3d ed. 1968). Accordingly, although it might be assumed that a judgment for nominal damages only should be rendered in favor of Walston, in Aldridge v. Dolbeer, supra, our supreme court decided that, when the trial court awarded damages that were not supported by the evidence, the plaintiff was entitled to a new trial on the issue of damages. Because this court is bound by the holding in Aldridge v. Dolbeer, I concur.