# *Ex Parte* Steverson.

## Damages for Creating a Nuisance.

(Decided May 9, 1912. 58 South. 992.)

1. *New Trial; Excessive Damages; Remittitur.*—At common law it is proper to accord the option to one who has secured an excessive judgment to remit a definite part thereof and thereby avert a new trial on that ground.

2. *Constitutional Law; Determination; Necessity.*—The petitioner having declined to consent to the reduction of the judgment, the question of whether the provisions of Acts 1911, p. 587, is unconstitutional, because of the option given the appellant to prevent an affirmance on remittitur, is not presented, and will not be decided.

3. *Courts; Supervision.*—The Supreme Court will not review or revise the finding or conclusions of the Court of Appeals on matters or issues of facts alone, even for the purpose of determining whether legal principles applied by that court to the decision of an appeal, should have been applied to it.

3. *Jury; Trial; Reduction of Damages.*—The provisions of Acts 1911, p. 587, do not constitute an infraction of the right of trial by jury.

(Sayre, J., dissents.)

Original petition in the Supreme Court.

Petition by J. M. Steverson for certiorari to review the judgment and opinion of the Court of Appeals in the case of *Cent. of Ga. Ry. Co. v. J. M. Steverson*, 3 Ala. App. 313; 57 South. 494, wherein it ordered a reduction of the verdict, which being refused by appellee, the cause

was reversed and remanded for new trial. Petition denied.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. It was not petitioner's duty to abate the nuisance and not being his duty, to abate the nuisance it was not his duty to minimize the damages.—*Crommelin v. Cox*, 30 Ala. 318; 29 Cyc. 1271. The fact that plaintiff might have removed the nuisance but did not do so is not grounds for miti-gation of damages.—2 S. W. 282; 26 Mo. App. 253; 102 Mass. 138; 29 Cyc. 1274. Acts 1911, p. 587, is in conflict with Sec. 27, Constitution 1901, and Article 14, Constitution of United States. The damages were not excessive.—*Pullman Co. v. Lutz*, 46 South. 675.

STEINER, CRUM & WEIL, for appellee. No brief reached the Reporter.

McCLELLAN, J.—Upon the conclusion that the judgment against the Central of Georgia Railway Company was excessive in the sum of $200, and hence erroneous, the Court of Appeals submitted to petitioner (plaintiff) whether he would consent to the reduction of the judgment by that sum. This petitioner declined to do, whereupon the Court of Appeals reversed the judgment and remanded the cause.

The procedure followed to the extent indicated by the Court of Appeals was in accord with that prescribed by the act approved April 21, 1911 (Acts 1911, p. 587), which, in its substantive provisions reads:

"Section 1.  *  *  *  That when an appeal is taken to the Supreme Court or Court of Appeals from the judgment of any court, and the Supreme Court or Court of Appeals shall be of the opinion that the case should be reversed because the judgment of the lower court is

excessive and that there is no other ground of reversal, the Supreme Court or Court of Appeals, shall notify the appellee of the amount which it deems in excess of the just and proper amount of recovery, and require the appellee within a time to be stated in said notice to remit such amount upon penalty of a reversal of the case. If the appellee does not, within the time stated in such notice, or within such further time as may be granted by the court for good reason, file a remittitur of such excessive amount the court shall reverse and remand the case; but if the appellee shall file with the court a remittitur of the amount deemed excessive by the court, the court shall reduce the amount of the judgment accordingly, and shall affirm the case and enter a judgment for such reduced amount, which judgment so entered shall be and remain the judgment of the lower court and shall date back to the time of the rendition of the judgment in the lower court. Provided that if the appellee files a remittitur then the Supreme Court or Court of Appeals shall notify the appellant of the filing of such remittitur and require the appellant within a time stated in said notice to agree or disagree to its judgment and if such appellant disagrees to said judgment then said case shall be reversed and remanded."

The petitioner urged in that court, and again presses here, that the act of April 21, 1911, is constitutionally invalid.

As appears, the purpose of the act is to avert reversals, entailing new trials, in cases where it is determined, as the sole error, in the appellate tribunals, that the judgment rendered at nisi prius is excessive. Upon the adjudication of that fact, the reversal enters, unless both the plaintiff (appellee) and the defendant (appellant) consent to a reduction of the amount of the judgment to the sum the appellate tribunal affirms is or

would be a just recovery, in amount, in the premises. If
the plaintiff (appellee) does not consent, the error in
the judgment, viz., its excessiveness, works a reversal;
and so without regard to the desire of the appellant
(defendant). In this instance the proviso with respect
to the choice provided by the statute for the defendant
(appellant), whether it would consent to the remittitur,
was not availed of, since the matter did not reach that
stage because of the plaintiff's (appellee's) declination
to consent to the reduction. At common law, as is pro-
vided in this statute preceding the proviso to which we
have just referred, it is proper to accord the plaintiff,
who has secured an excessive judgment, the option to
remit a definite amount thereof, and thereby avert a
new trial on that score.—*Kennon v. Gilmer,* 131 U. S.
22, 29, 30, 9 Sup. Ct. 696, 33 L. Ed. 110; 3 Cyc. pp. 436
et seq.; 11 Rose's Notes, U. S. Rep. pp. 771, 772. The
same practice has been generally adopted by, and ap-
plied in, the appellate tribunals where the sole error
found has been that the judgment was excessive.—Au-
thor, supra.

The argument for this petitioner against the constitu-
tionality of the quoted statute rests upon the condi-
tional option the proviso gives the defendant (appel-
lant) to not consent to the reduction to which plaintiff
(appellant) consents. As now presented, that phase of
the statute was not given opportunity of operation; the
plaintiff having declined to consent to the reduction.
When a case is presented where the plaintiff (appellee)
consents to the reduction the court submits to him, and
the defendant (appellant) declines to consent to that
reduction, a question will arise as to the legislative
power to thus by the mentioned proviso hinge the judg-
ment in the appellate tribunal, and thereby control the
judiciary in the performance of its function. That

question not being presented at this time, its decision will not, of course, be attempted.

The idea, pressed for petitioner, that the procedure prescribed by the quoted statute is an unwarranted infraction of the right of trial by jury, in respect of the assessment of damages, is wholly untenable. It is no more infraction of that right than the ordinary reversal for error in that the judgment is excessive. It would not bind the second jury in the assessment of damages in the one instance any more than in the other. In neither instance could or should the fact that the appellate tribunal had fixed a sum which, if remitted, would avert reversal, be brought to the attention of the second jury or be considered by them in ascertaining and determining or finding the amount to be awarded. The whole purpose and effect of the statute is to conclude litigation by a method operative and available alone in the appellate tribunals. If the statute were given a restrictive operation and effect upon the amount of the recovery in the trial courts, it would then seem to be palpably invalid. It will not be construed with that result to attend.

The Court of Appeals, in response to rehearing therein, expressly and correctly ruled that there was no duty, no obligation, on the plaintiff to go upon defendant's right of way and abate the alleged nuisance occasioned by the decomposition of the animal's carcass.—Joyce on Nuisances, § 199; *Crommelin v. Coxe,* 30 Ala. 318, 329, 68 Am. Dec. 120. It was held, however, that the plaintiff should have exerted ordinary care and diligence to have minimized the discomfort and damage arising or resulting from the nuisance upon defendant's right of way. This seems to be the doctrine, in the pertinent particular, of *Crommelin v. Coxe, supra.* Whether in this instance he could have done so, or

did do so, is necessarily a question of fact. In the observance of the duty of supervision laid upon the Supreme Court by section 140 of the Constitution, the Supreme Court will not, under any circumstances, review or revise the findings or conclusions of the Court of Appeals upon the matters or issues of fact only; nor review or revise the findings or conclusions of the Court of Appeals upon matters or issues of fact only, with the view to the ascertainment or determination whether legal principles applied by that court to the decision of the appeal should have been applied thereto.

The petition is therefore denied.

SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.

MAYFIELD, J., concurs in both the opinion and the conclusion, but sees no room in this case for the application of the rule of minimizing damages.

SAYRE, J., dissents. DOWDELL, C. J., not sitting.