# *Ex Parte* State

### *Murder.*

(Decided November 19, 1912. Rehearing denied December 17, 1912. 61 South. 53.)

1. *Homicide; Evidence; Declarations of Accused.*—Declarations of a defendant prior to a homicide expressive of ill will or menace against a decedent, are admissible in evidence against defendant; such evidence differs from confessions and inculpatory statements made after the commission of the offense, and being declarations against interest, are admissible without laying a predicate by first interrogating the party as to whether he had made such declarations.

2. *Evidence; Predicate; Presumption.*—Where the only defect in a predicate for the contradiction of a witness was the failure of the record to show that a particular time and place was fixed for the conversation as subsequently proved by the impeaching witness, and where the questions to the witness are not set out, and there is nothing in his denial to negative the fact that the time and place were fixed when he was questioned as to his conversation, the appellate court will presume that the time and place were embraced in such questions.

3. *Appeal and Error; Showing Error; Burden; Presumption.*—It is incumbent upon appellant to affirmatively show error, and this rule applies to a predicate for the admission of evidence, as well as to other questions, the presumption being that the trial court did its duty, and required a proper predicate to be laid, if one was necessary.

4. *Courts; Supervising Appeals; Questions of Fact.*—The Supreme Court may review and revise a decision of the Court of Appeals upon questions of jurisdiction and law, but it will not review the findings or conclusions on the facts, or review the facts for the purpose of revising its application of the law thereto.

CERTIORARI to Court of Appeals.

Morris Livingston was convicted of homicide, and on appeal to the Court of Appeals, the judgment of the trial court was reversed. Whereupon the State applies for a writ of certiorari to review the opinion rendered by the Court of Appeals, and reported in the case of *Livingston v. State,* 7 Ala. App. 43; 61 South. 54. Writ awarded, and the judgment of the Court of Appeals reversed and the cause remanded.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and W. B. OLIVER, for the State. The character of the evidence sought was merely an inculpatory admission of defendant made before the killing, and evincing ill will or menace towards defendant, and may be shown independent of a predicate. —*Shelton v. State*, 144 Ala. 11. The objection was general, and did not direct the attention of the court to the want of a predicate as the basis for the objection.— *Nelson v. Iverson*, 29 Ala. 9; *Steiner v. Trainum*, 98 Ala. 315; 51 Vt. 577; 115 U. S. 77; Jones on Evid., sec. 893. It is an elementary principle that error must be affirmatively shown, and that every reasonable presumption will be indulged to support the action of the trial court, it being always presumed that the court will do its duty in the premises.

WALTER NESMITH, J. C. MILNER, and KIRK, CARMICHAEL & RATHER, for appellee. A predicate for the impeachment of a witness must be properly laid.— *Floyd v. State*, 82 Ala. 16; *Sanders v. State*, 105 Ala. 4; *Southern v. State*, 118 Ala. 88. The bill of exceptions must show that a proper predicate was laid and no presumption will be indulged that it was laid.— *So. H. & S. Co. v. Standard E. Co.*, 165 Ala. 582; *Bolton v. Cuthbert*, 132 Ala. 406; *Sherrill v. L. & N.*, 148 Ala. 1; *Excelsior L. Co. v. Lomax*, 166 Ala. 612. This court will not review the findings of the appellate court on the facts, further than to ascertain if the law was correctly applied thereto.

ANDERSON, J.—This case was reversed by the Court of Appeals upon two propositions only: The first, because no sufficient predicate was laid for the admission of the testimony of J. M. Baker as to a statement made

to him by the defendant's witness Hollis; second, because J. G. Cobb was permitted to testify as to a statement made to him by the defendant with reference to the deceased prior to the killing, and no predicate was laid. We will discuss the questions in inverse order for convenience.

Declarations of a defendant prior to the commission of the alleged offense, expressing menace or ill will against the person assaulted or injured, are admissible in evidence against him.—1 Mayfield's Dig., pp. 262, 263, and cases cited. This is a different kind of evidence from confessions and inculpatory statements after the commission of the offense, which must be voluntary, but is within the class of declarations against interest, and which are admissible against parties to a cause, civil or criminal, without laying a predicate by first interrogating the party as to whether or not he made same. Ordinary rules do not apply to parties to a cause; their statements are admissions or declarations, and is independent testimony, and no foundation is necessary for the introduction of same.—Jones on Evidence, § 851. To hold that a predicate must be laid by first asking the party if he made such statements would deny the opposite party the benefit of most material evidence, if the party making the statements did not see fit to testify as a witness. The Court of Appeals erred upon a question of law in holding that the evidence of J. G. Cobb that he heard the defendant at Kennedy, on the day of the trouble between defendant and Gunter, at the store say "he could get something to eat besides at the Gunter Hotel and * * * he would see Gunter later," was not admissible as evidence because no sufficient predicate had been laid when the defendant was on the stand. It is true it would have been more orderly for the state to have introduced this

statement direct, instead of in rebuttal, but this was a mere irregularity in the order of introducing evidence. It is also true that counsel for the state undertook the useless burden of laying a predicate for this declaration of the defendant, but, whether properly laid or not, the admission of said statement was not reversible error.

Upon appeal it is incumbent upon the appellant to affirmatively show error, and this rule applies to predicates as well as other questions, as the presumption is that the trial court did its duty, and that a predicate was laid, when required, unless it affirmatively appears that it was not properly established.—*Price v. State,* 117 Ala. 113, 23 South. 691; *Whatley v. State,* 144 Ala. 75, 39 South. 1014; *Gilmore v. State,* 126 Ala. 20, 28 South. 595. It seems that the only defect with the predicate for the contradiction of the witness Hollis by J. M. Baker was the failure of the record to show that a particular time and place was fixed for the conversation, as subsequently proved by J. M. Baker, and which was substantially the same as the one denied by Hollis, though no time and place was fixed in the reply of Hollis. The questions to Hollis are not set out, and there is nothing in his denial to negative the fact that the time and place was not fixed when he was interrogated as to the conversation with J. M. Baker, and, the appellant not affirmatively showing that the time and place was not fixed, the appellate court could presume that it was embraced in the question to the witness. It may be that the bill of exceptions purports to set out all of the evidence, but it does not purport to set out the questions, and a presumption that the question fixed the time and place is compatible with the record. This is a question, however, of fact or of an application of the facts in the case to the law, and does not involve

such an error of law as would authorize a review of the said ruling by this court by certiorari. We have previously held that this court had the authority to review and revise the decisions of the Court of Appeals upon questions of jurisdiction and law.—*Williams v. L. & N. R. R. Co.*, 176 Ala. 631, 58 South. 315. We held, however, in the case of *Ex parte Stevenson*, 177 Ala. 384, 58 South. 992, that this court would not review or revise the finding or conclusion of the Court of Appeals upon the facts, or that we would review the facts for the purpose of revising the application of same to the law by said Court of Appeals.

In the case of *Ex parte Dickens*, 162 Ala. 276, 50 South. 219, this court, in discussing its revisory powers over inferior courts, in the absence of a statutory right of appeal, said through SIMPSON, J., " 'By the common law the power is vested in the Supreme Court to review the orders, proceedings, and judgments of all inferior courts and tribunals, and pass upon the question of their jurisdiction and decisions on questions of law; but, in the absence of some statute conferring the power of reviewing the determinations of these inferior tribunals upon questions of fact, the action of the court or tribunal is final and conclusive, and cannot be reviewed, revised, or corrected on the common-law writ of certiorari.'—Harris on Certiorari, p. 40, § 45. Originally, on certiorari, only the questions of jurisdiction was inquired into; but this limit has been removed, and now the court 'examines the law questions involved in the case which may affect its merits.'—*Id.*, p. 3, § 1. As a general proposition, certiorari will not be granted in cases where the party seeking it has an adequate remedy by appeal.—Harris on Certiorari, p. 37, § 44; *A. G. S. R. R. Co. v. Christian*, 82 Ala. 307, 309, 1 South. 121."

For the error of law above suggested the writ of cer-

·tiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration.

Certiorari to Court of Appeals awarded, and judgment of said Court of Appeals is reversed, and the cause is remanded. All the Justices concur, except DOWDELL, C. J., not sitting.