# Ex Parte Savannah Williams.

*Murder.*

(Decided April 8, 1913. 62 South. 63.)

1. *Appeal and Error; Jurisdiction to Entertain; Criminal Case.*— Where a defendant at his trial reserves questions for review and the sentence imposed is suspended pending an appeal, the Court of Appeals acquired jurisdiction of the appeal and defendant had no duty to perform relative to the appeal except to prepare and have signed his bill of exceptions.

2. *Courts; Review.*—Where the Court of Appeals might have found on the submission of the motion to dismiss the appeal that defendant or his counsel was responsible for a long delay in filing with the clerk of the trial court the bill of exceptions signed by the presiding judge, the Supreme Court will not on certiorari review such order of dismissal.

[Ex Parte Savannah Williams.]

Original petition in the Supreme Court.

Petition by Savannah Williams for certiorari or other remedial writ to the Court of Appeals to review the judgment of that court dismissing the appeal, in the case of *Savannah Williams v. State.* Certiorari denied.

GLENN & DE GRAFFENRIED, for appellant. The appellate court erred in its judgment dismissing petitioner's appeal. Secs. 6255, Code 1907.—*Ex parte Knight,* 61 Ala. 483; *Ex parte Cameron,* 81 Ala. 87.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appellate Court properely dismissed the appeal and its judgment should be affirmed.—*Williams v. State,* 6 Ala. App. 16, and authorities there cited.

SAYRE, J.—In our recent case of *Campbell v. State, infra,* 62 South. 57, we had something to say of the general question raised by this application for a certiorari to the Court of Appeals. We did not deny the existence of a discretion in the court to dismiss an appeal in a criminal case where it is made to appear that undue delay in having the appeal presented for decision is fairly chargeable to neglect on the part of defendant, or counsel representing him, rather than to the dereliction of the clerk of the trial court in preparing the transcript and lodging it in the appellate court, or, as the circumstances of this case seem to require us to say, delay on the part of the trial judge in lodging the bill of exceptions with the clerk of his court after the same has been approved and authenticated as required by law. On the face of the record here shown this case illustrates the necessity for the exercise of such discretion.

At the trial defendant reserved questions for review, thus paving the way to an appeal. He was sentenced on the 12th day of October, 1911, and at that time sentence was suspended pending an appeal. This vested jurisdiction in the Court of Appeals, and defendant had no duty to perform in reference to it (*Ex parte Knight,* 61 Ala. 489), except to prepare his bill of exceptions for the exemplification of those adverse rulings not otherwise appearing of record. The bill in this case was prepared and presented within the time allowed by the statute, and promptly signed by the presiding judge. But the indorsement of the circuit clerk shows that it did not reach his office until nine months had elapsed. Meantime cases from that appellate division had been twice called for hearing in the Court of Appeals. The appeal was dismissed on motion of the Attorney General made on November 21, 1912, and this action appears to have proceeded upon the opinion that defendant was responsible for the great delay which had intervened. In view of the common, though by no means universal, practice which has obtained in this state of committing the bill of exceptions after signing to defendant's counsel, where counsel appears and interests himself in an appeal, for comparison with the bill tendered and for transmission to the clerk, we venture to think that the delay in this case was charged to defendant's counsel. At least it may have been made to appear upon submission of the motion to dismiss that counsel was responsible; and, if that be a correct interpretation of the court's ruling, we cannot say there was error.

True, the affidavit of the circuit clerk, filed with the Court of Appeals, if we could consider that, and that were all, makes it to appear satisfactorily that there was no lack of diligence on the part of counsel, and re-

lieves him of responsibility for the delay. In the same way it would appear that the trial judge finally transmitted the bill of exceptions to the clerk through the official stenographer of the circuit, who stated that he had been directed by the judge to hand the bill to the clerk, with the explanation that it had been lost in transmission. But this court seems to have made up its minds not to review the rulings of the Court of Appeals on any point involving a construction of evidence, even though there is no conflict.—*Ex parte Steverson,* 177 Ala. 384, 58 South. 992. And in its latest case it has said that it will not review the facts "for the purpose of revising the application of same to the law by said Court of Appeals."—*Ex parte State,* 181 Ala. 4, 61 South. 53. And in any event, it may have been that the Court of Appeals, notwithstanding the showing made by defendant, had reasons for dismissing the appeal, grounded upon facts then and there made to appear, of which we are not informed. There is no statute regulating the rights of parties or the practice in cases sought to be removed to this court by certiorari to the Court of Appeals, and we have no means of ascertaining the considerations, aliunde the record, upon which that court acts in dismissing an appeal in any case. So then, since the case presented belongs generally to a class in which discretion may be exercised, and this court is unable to ascertain or review all the considerations upon which that discretion has been exercised, we are constrained to deny a review of the order of dismissal.

Certiorari denied. All the Justices concur except DOWDELL, C. J., not sitting.