# Postal Tel. Cable Co. *v.* Minderhout.

### Personal Injury.

(Decided February 10, 1916.  71 South. 91.)

Certiorari; Review.—The Supreme Court will not issue certiorari to review the decision of the Court of Appeals on any question of fact or in the application of the law to the facts as found, but will only revise the holding of such court on a question of law.

CERTIORARI to Court of Appeals.

Mrs. Leila Minderhout had judgment against the Postal Telegraph-Cable Company, for damages for personal injury, from which defendant took an appeal to the Court of Appeals where the cause was affirmed. (See 14 Ala. App., 71 South. 89.) Defendant petitioned for writ of certiorari to review that decision. Writ denied.

CABANISS & BOWIE, for petitioner. A. G. & E. D. SMITH, contra.

[Postal Tel. Cable Co. v. Minderhout.]

ANDERSON, C. J.—While there has heretofore been some division among the members of the court as to questions that would be reviewed by this court upon certiorari to the Court of Appeals, the rule has been laid down in repeated decisions and applied in many instances, where the writ was denied and no opinion was prepared, to the effect that we would not review the finding of the Court of Appeals upon the facts, or in the application of the law to the facts.—*Kirkwood v. State,* 184 Ala. 9, 63 South. 990; *Ex parte State,* 181 Ala. 4, 61 South. 53; *Ex parte Savannah Williams,* 182 Ala. 34, 62 South. 63; *Ex parte Western Union Co.,* 183 Ala. 451, 63 South. 88; *Ex parte Steverson,* 177 Ala. 384, 58 South. 992. In the *Kirkwood Case, supra,* it was said: "This court has repeatedly laid down  *   *   *   the rule that it will revise the rulings of the Court of Appeals upon certiorari only as to questions of law, and not upon a finding of facts, or in the application of the facts to the law."

"We have repeatedly held that this court will not review or revise the holding of the Court of Appeals, except for error as to a question of law, and not upon a finding or conclusion as to facts, or in the application of the facts to the law."—*Western Union Case, supra.*

"But this court seems to have made up its mind not to review the rulings of the Court of Appeals on any point involving a construction of evidence, even though there is no conflict.—*Ex parte Steverson,* 177 Ala. 384, 58 South. 992. And in its latest case it has said that it will not review the facts 'for the purpose of revising the application of same to the law by said Court of Appeals.' "—*Ex parte Savannah Williams Case, supra.*

"We have previously held that this court had the authority to review and revise the decisions of the Court of Appeals upon questions of jurisdiction and law.—*Ex parte L. & N. R. R. Co.,* 176 Ala. 631, 58 South. 315. We held, however, in the case of *Ex parte Steverson,* 177 Ala. 384, 58 South. 992, that this court would not review or revise the finding or conclusion of the Court of Appeals upon the facts, or that we would review the facts for the purpose of revising the application of same to the law by said Court of Appeals."—*Ex parte State Case, supra.*

"In the observance of the duty of supervision laid upon the Supreme Court by section 140 of the Constitution, the Supreme Court will not, under any circumstances, review or revise the

findings or conclusions of the Court of Appeals upon the matters or issues of fact only, nor review or revise the findings or conclusions of the Court of Appeals upon matters or issues of fact only, with the view to the ascertainment or determination whether legal principles applied by that court to the decision of the appeal should have been applied thereto."

In the brief of the applicant for the writ, upon application for rehearing in the Court of Appeals, and which is also presented in support of the application for the writ of certiorari, we find the following statement: "For the most part we do not question the statements set out in the opinion of this court affirming the verdict and judgment of the lower court with reference to the general rules of law governing the decision of the question as to what is and what is not a part of the res gestæ. We do most respectfully and earnestly insist, however, that the rules of law therein set out are not properly applied to the declaration under discussion."

This statement and contention presents a point not reviewable, and which is excluded from the revisory powers of this court under the rule above quoted, and the writ is denied.

Writ denied.

SAYRE, SOMERVILLE, and GARDNER, JJ., concur.