# *Ex Parte* Barrett Brothers Shipping Co.

### Assumpsit.

(Decided June 8, 1916.  72 South. 259.)

1. Appeal and Error; Review; Court of Appeals.—The Supreme Court will not review the findings or conclusions of the Court of Appeals on matters of fact only, nor review such findings nor conclusions to ascertain whether the legal principles applied by that court to the facts should have been applied thereto.

2. Evidence; Documentary.—Daily reports made in the regular course of business in the nature of original entries are admissible in evidence and are prima facie correct.

CERTIORARI to Court of Appeals.

Application by Barrett Brothers Shipping Company for certiorari to the Court of Appeals to review and revise the judg-

[Ex Parte Barrett Brothers Shipping Co.]

ment of said court in the case of *C. H. Minge & Co. v. Barrett Bros. Shipping Co.,* 14 Ala. App. 468, 70 South. 962. Writ denied.

GEO. B. CLEVELAND, JR., for petitioner. BESTOR & YOUNG, contra.

McCLELLAN, J.—This petition for certiorari to the Court of Appeals is to review the conclusions of that court as set forth in *Minge & Co. v. Barrett Bros.,* 14 Ala. App. 468, 70 South. 962-965; the particular rulings of the court against which complaint is made being set down in the response to the application for rehearing.

(1) The first ground of criticism of opinion and of conclusion is predicated of the asserted error of the court in its finding on the facts. It is settled here that this court will not, in observance of its duty under section 140 of the Constitution, review the findings or conclusions of the Court of Appeals upon matters of fact only, nor review such findings or conclusions with the view to the ascertainment or determination of the inquiry, whether legal principles applied by that court to the decision of the appeal should have been applied thereto.—*Ex parte Steverson,* 177 Ala. 384, 389, 58 South. 992; *Ex parte Savannah Williams,* 182 Ala. 34, 37, 62 South. 63; *Ex parte State,* 181 Ala. 4, 8, 61 South. 53; *Ex parte Burnett,* 180 Ala. 540, 541, 61 South. 920.

(2) The other criticism is based upon the ruling that the trial court's failure to exclude, on motion, the "consolidated report," a "report" made up from the daily reports, was error. The Court of Appeals did not intend to rule that the "daily reports," made by the defendant's agent in the regular course of business, were inadmissible unless their correctness was otherwise shown. They were, if so made, in the nature of original entries, and prima facie correct.

The writ is denied.

SAYRE, GARDNER, and THOMAS, JJ., concur.