(88 South. 449)

Ex parte STANLEY.

STANLEY v. STATE. (6 Div. 301.)

(Supreme Court of Alabama. April 7, 1921.)

1. Criminal law ⊜⟶1179—On certiorari to review affirmance of conviction, effect of evidence in trial court not considered.

On certiorari to review the determination of the Court of Appeals affirming a conviction, the Supreme Court will not consider what evidence was before the trial court or its effect.

2. Criminal law ⊜⟶452(1)—Person robbed may testify as to effect of assault.

In a prosecution for robbery, testimony by the one robbed as to the physical effect upon him of the assault made by the robber is admissible.

Certiorari to Court of Appeals.

Petition by Howard Stanley for certiorari to review the determination of the Court of Appeals (88 South. 183), affirming a conviction of robbery. Application for certiorari denied.

Benton & Bentley, of Bessemer, for appellant.

J. Q. Smith, Atty. Gen., for the State.

SAYRE, J. [1] Those assignments of error most seriously insisted upon by petitioner involve an inquiry as to what evidence was before the trial court and its effect. This court has frequently held that it would not make such inquiry on a petition to review the Court of Appeals. Postal Tel. & Cable Co. v. Minderhout, 195 Ala. 420, 71 South. 91.

[2] This court is of opinion that there was no reversible error in the other rulings presented for review. Our judgment is that the trial court properly admitted the testimony of the witness Milliner as to the physical effect upon himself of the assault committed upon him by defendant at the time of,

and in the prosecution of, the robbery charged in the indictment.

Application for certiorari denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.