## Ex parte Ernest YOUNG.

## In re Ernest YOUNG v. The STATE.

### (4 Div. 186.)

(Supreme Court of Alabama.　Dec. 18, 1924.)

Certiorari to Court of Appeals.

Petition of Ernest Young for certiorari to the Court of Appeals to review and revise the judgment and decision of that court, in the case of Young v. State, 102 So. 366.　Writ denied.

Sollie & Sollie, of Ozark, for petitioner.

A judgment may be amended nunc pro tunc pending appeal. Phillips v. State, 162 Ala. 14, 50 So. 194; Seymour v. Thomas, 81 Ala. 250, 1 So. 45; Ind. Pub. Co. v. American Co., 102 Ala. 475, 15 So. 947. The Court of Appeals had no right to render judgment correcting the lower court's failure to record a proper judgment. Ex parte Adams, 187 Ala. 10, 65 So. 514; Ex parte Lange, 18 Wall. 173, 21 L. Ed. 872.

Defendant was erroneously denied the right to show by the witness Carroll defendant's reputation for making or drinking whisky. Wheat v. State, 18 Ala. App. 554, 93 So. 209; Stone v. State, 208 Ala. 50, 93 So. 706; Glover v. State, 200 Ala. 384, 76 So. 300. It was error to sustain objection to defendant's question seeking to elicit the feeling of Alto Thompson toward Yancey Carroll. 44 Michie's Ala. Dig. 134; Davis v. State, 8 Ala. App. 211, 62 So. 382; McDonald v. State, 165 Ala. 85, 51 So. 629; Mason v. State, 153 Ala. 46, 45 So. 472; Tatum v. State, 131 Ala. 32, 31 So. 369; Walker v. State, 165 Ala. 96, 51 So. 357: Scott

v. State, 96 Ala. 20, 11 So. 193. Charges 1, 2, 4, and 11, were good, and should have been given. Acts 1919, p. 1086; McKenzie v. State, 19 Ala. App. 319, 97 So. 155. The affirmative charge as to count 2 should have been given.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. We have considered the reviewable points in the original opinion of the Court of Appeals, and find no errors entitling the petitioner to the writ. Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 So. 315; Postal Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

While not committing this court to the soundness of all that is said in the opinion of the Court of Appeals in response to the petition for certiorari to contradict the record, we are of the opinion that the denial of the writ sought after the case was submitted and decided was largely within the discretion of the Court of Appeals.

Writ denied.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.