(115 So. 79)
### TRAWICK v. STATE. (4 Div. 364.)

Supreme Court of Alabama. Jan. 12, 1928.

Criminal law ⬲1072—Court of Appeals' findings of sufficient facts to authorize conviction and absence of reversible error in court's rulings preclude review by certiorari.

Court of Appeals' findings, without more, that record shows sufficient facts to authorize jury in finding defendant guilty as charged, and that there is no reversible error in court's rulings, preclude review by certiorari.

Petition for Certiorari to Court of Appeals.

Petition of George A. Trawick for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Trawick v. State, 115 So. 79. Writ denied.

Guy W. Winn, of Clayton, for petitioner.

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 216 Ala. 138.

There was no evidence against the defendant and the affirmative charge requested by him should have been given. Ammons v. State, 20 Ala. App. 283, 101 So. 511; Hobdy v. State, 20 Ala. App. 44, 100 So. 571; Moultrie v. State, 20 Ala. App. 258, 101 So. 335. Where there is no evidence connecting the defendant with the crime charged, this presents a question of law which will be reviewed by the Supreme Court on certiorari. Postal Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, J. The opinion of the Court of Appeals states that—

"The evidence in this record has been examined, and we find sufficient facts to authorize a jury in finding the defendant guilty as charged. We further are of the opinion that there is no reversible error in any of the rulings of the court."

Under the uniform decisions of this court, these findings, without more, preclude a review of the Court of Appeals by certiorari. Campbell v. State, 216 Ala. 295, 112 So. 902; Ex parte Steverson, 211 Ala. 597, 100 So. 912; Postal Tel.-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.