(118 So. 234)

### HOOBLER v. STATE. (6 Div. 189.)

Supreme Court of Alabama. Oct. 4, 1928.

166

Gray & Manasco, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAYRE, J. The record of the trial court shows that petitioner (defendant) was convicted of the offense of vagrancy "as defined in paragraph 4 of section 5571 of the Code." Paragraph 4 of section 5571, with so much of the context as is necessary to its understanding, reads as follows:

"The following described persons are vagrants. * * * (4) Any person trading or bartering stolen property, or who unlawfully sells or barters any spirituous, vinous, or malt or other intoxicating liquors."

██ The Court of Appeals finds that "under the evidence in this case it was a question of fact to be decided by the judge sitting without a jury, whether the defendant was a prostitute or the keeper of a house of prostitution," and affirmed the judgment of conviction. Subdivision 9 of section 5571 describes as. a vagrant "any person who is a prostitute," while subdivision 10 of the same section so describes "any person who is a keeper, proprietor or employee of a house of prostitution." This court has uniformly refused to investigate disputed questions of fact on applications for the writ of certiorari to the Court of Appeals. Postal Telegraph Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. We assume, therefore, that the Court of Appeals is right when it affirms that "under the evidence in this case it was a question of fact to be decided by the judge sitting without a jury, whether the defendant was a prostitute or the keeper of a house of prostitution." But the court says nothing of the charge on which petitioner was convicted in the trial court, viz. the charge that petitioner unlawfully sold or bartered spirituous, vinous, or malt or other intoxicating liquors. The acts, or series of acts, described in the two subdivisions of section 5571 of the Code alike constitute vagrancy, but they are wholly different in fact; convictions under them must be supported by wholly different evidence. Of the specific offense of which petitioner was convicted in the trial court or of the evidence necessary to support that conviction the Court of Appeals says nothing. That court had no jurisdiction to try the case against petitioner de novo. It had only jurisdiction to determine whether petitioner had been properly convicted of the offense of which the trial court found her guilty. In order that the court may consider and determine that question, the writ is granted, and the case remanded to the Court of Appeals.

Writ awarded.

All the Justices concur.