(118 So. 674)

## ROCHESTER–HALL DRUG CO. v. BOWDEN. (6 Div. 183.)

Supreme Court of Alabama. Oct. 4, 1928.

Rehearing Denied Oct. 25, 1928.

Rudulph & Smith, of Birmingham, for appellant.

W. E. Howard, of Birmingham, for appellee.

FOSTER, J. The opinion of the Court of Appeals, sought to be reviewed, contains a statement of facts which such court ascertained to exist from the record, and applies to those facts certain principles of law, resulting in a holding that, from them, appellant was entitled to the general charge. The principles of law asserted by the court are correctly stated.

■ While the rule has frequently been referred to by this court that, upon certiorari to the Court of Appeals to review its rulings, it will not review the facts "for the purpose of revising the application of same to the law by said Court of Appeals" (Postal Telegraph

& Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Steverson. 177 Ala. 384, 58 So. 992; Ex parte Savannah Williams, 182 Ala. 34, 62 So. 63), this court, however, will review the rulings of said court, to ascertain if it has correctly determined legal conclusions from facts found by it to exist in the record, or has misapplied the law to such facts (Lancaster v. State, 214 Ala. 2, 106 So. 617).

For the purpose of such review we have examined the facts found, and cannot agree with that court to the extent of holding that appellant is entitled to the affirmative charge on such facts. The sufficiency of the evidence for consideration by the jury, in cases of this nature, as to whether an agent or employé, in the commission of a wrong, was acting in the line or scope of his employment, has been considered by this court in numerous cases. Some of them may be cited as applicable. Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann. Cas. 1149; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Dixie Const. Co. v. McCauley, 211 Ala. 683, 101 So. 601; So. Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

The rule which has been approved for determining whether certain conduct of an employé is within the line and scope of his employment is substantially that, if an employé is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment. Gulf, M. & N. R. Co. v. Havard, 217 Ala. 639, 117 So. 223; National Life & Accident Ins. Co. v. Cruso, 216 Ala. 421, 113 So. 396; 39 Corpus Juris, 1283. Such conduct, to come within the rule, must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516. If the conduct was "committed in the accomplishment of objects within the line of his duties, or in and about the business or duties assigned to him by his employer," the master is responsible. Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 So. 727.

We are of the opinion that the facts shown in the opinion of the Court of Appeals are sufficient to submit to the jury the issue of whether the conduct of the alleged employé was within the line and scope of his employment, and that upon such evidence the affirmative charge was not due appellant.

The judgment of the Court of Appeals is therefore reversed, and the cause is remanded to said court for further consideration.

Writ awarded.

All the Justices concur, except SAYRE, J., not sitting.