(133 So. 737)

## WILLIAMS v. STATE.

### 6 Div. 844.

Court of Appeals of Alabama.
Jan. 13, 1931.

Rehearing Denied Feb. 24, 1931.

L. D. Gray and Still Hunter, both of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., and Pennington & Tweedy, of Jasper, for the State.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder, and sentenced to serve imprisonment in the penitentiary for an indeterminate term of from two to four years.

He is represented here by able counsel, who have filed an excellent brief in his behalf. Their main argument for a reversal of the judgment of conviction is based upon the admission of certain testimony, which we shall mention.

The assaulted party was one Troy Kimbrell, and the assault, which was admitted, though self-defense was claimed as a justification, occurred outside the yard in front of a house where both appellant and Kimbrell might be said to be visiting. Omitting, as unnecessary, a detailed narration of the circumstances shown by the somewhat conflicting testimony on the part of the state and the appellant, it is sufficient, for our requirements, to say that the said testimony made an issue, or issues, fit to be solved by only a jury. That on behalf of the state tended to show an entirely unprovoked and aggravated assault with intent to murder. That on behalf of appellant tended, somewhat imperfectly we think, to show that he acted in self-defense.

Appellant, in a sort of running fight, started solely by himself, as the jury found by their verdict, apparently, though, of course, differently contended by him, grievously cut Kimbrell with a pocketknife. Promptly mutual friends, for the purpose, as appears, of taking him to a doctor, procured Kimbrell to be placed upon an automobile truck, which was standing near, from 20 to 65 feet away from the scene of the cutting, first by "backing" or "driving" the truck up to the place where Kimbrell lay "but a few seconds" or perhaps a minute or two after the actual knife blows had been struck.

Vigorous argument is made here that the judgment of conviction should be reversed because of the admission, over appellant's timely objection, of testimony on behalf of the state to the general effect that immediately after Kimbrell was placed upon said truck appellant procured a brick and ran after the said truck, stating, in substance, that "he would finish him" (meaning Kimbrell, the assaulted party). Appellant's argument is that said testimony was of matters no part of the res gestæ, and should have been excluded.

It may be conceded that the testimony referred to is not of matters of the res gestæ, but its admission is, we think, justified otherwise. In the opinion in the case of Maddox v. State, 159 Ala. 53, 48 So. 689, 690, our Supreme Court used this language: "It has been uniformly held in this state, in homicide cases, that the conduct, demeanor, and expressions of the accused, at or about the time of the homicide, are matters admissible in evidence against, but not for, him, unless part of the res gestæ"—citing a number of cases.

So late as in the opinion in the case of Bass v. State, 219 Ala. 282, 122 So. 45, decided January 31, 1929, the identical language quoted above, taken from the opinion in the case of Maddox v. State, supra, was again approved by the Supreme Court. Accordingly, we are of the opinion, and hold, that the testimony as to the conduct and expressions of the appellant, acted and made so soon after the actual cutting of Kimbrell as described, was admitted without error. It clearly, it seems to us, tended to shed light upon the animus with which the actual cutting had been done.

The written charges requested by, and refused to, appellant, have each been examined. We are of the opinion, and hold, that, as to each, it was either incorrect, confused, or the same principle of law contained therein was fully conveyed to the jury in the trial court's clear, careful, full, and correct oral charge, in connection with the charges given at appellant's request. There was prejudicial error in the refusal of no one of same.

We have carefully searched the record for prejudicial error, but can find none. The case appears to have been tried fairly and correctly and with an unusual degree of care. The judgment of conviction is affirmed.

Affirmed.