This cause comes before us on appellant's petition for certiorari to the Court of Appeals, to review and revise the judgment of that court in the above stated cause. The appellant, in his brief filed in support of his petition for the writ, seems to think that this court will treat the case as one where the appeal comes direct to this court. By the uniform ruling of this court, we will not disturb the conclusion and finding of the Court of Appeals on the facts presented by the record. Our review is confined to questions of jurisdiction and law. Kirkwood v. State, 184 Ala. 9, 63 So. 990; Ex parte State,181 Ala. 4, 61 So. 53; Ex parte Williams, 182 Ala. 34,62 So. 63; Ex parte Western Union Tel. Co., 183 Ala. 451, 63 So. 88; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Trawick v. State,217 Ala. 149, 115 So. 79; Williams v. State, 222 Ala. 584,133 So. 737.
While it must be regarded as the law in this jurisdiction that the determination of the qualification of a witness to give expert opinion, on any question, which is before the court and jury, is addressed to the sound discretion of the trial judge, and that his determination of the qualification of the witness, vel non, as an expert in the given matter, will not be disturbed, unless it is made to appear that the discretion was abused, yet, if the conclusion of the trial judge contravenes the law of evidence, applicable to the question in point, the court will review and reverse the decision of the trial judge on that point, when properly presented.
The plaintiff on the trial introduced one W. E. Peagler as a witness in his behalf to give expert testimony of some kind in the case, and the Court of Appeals, in the opinion now before us, makes this statement and finding with reference to this witness and his qualification as an expert: "Plaintiff introduced as a witness W. E. Peagler, a mechanic whose former employment had been a millwright and an engineer for 10 years. His engineering experience had been confined to the operation of a freight train and a log train. He had never operated a passenger train. This witness was not shown to have beenfamiliar with the type of train being run by defendant at the time of the accident." (Italics supplied.) It therefore affirmatively appears that the Court of Appeals found that the said witness was not qualified to give expert testimony in the matter of the running of the defendant's train which figured in the accident. Having reached that conclusion, we will not, under our uniform rulings, here review and revise the same. Authorities supra.
There was no error in permitting the defendant to ask the witness G. M. Martin the following question: "Was there anything that you could have done that you did not do by the use of all modern means of appliances to stop that train before it hit?" The witness was shown to have had many years experience in operating engines and trains, and was qualified as an expert to give such opinion evidence. This witness had stated what he had done to prevent the accident, and it was permissible for him to testify, being an expert in the handling of locomotive engines and trains, that nothing else could have been done. Connors-Weyman Steel Co. v. Harless, 202 Ala. 317,80 So. 399; Blackmon v. Central of Georgia Rwy. Co., 185 Ala. 635,64 So. 592; Southern Ry. Co. v. Gantt, 210 Ala. 383,98 So. 192.
The negligence of defendant, made the basis for plaintiff's recovery in this case, was not initial but subsequent negligence, and the question of first importance was when did the defendant's engineer see, or become aware of, the presence of plaintiff's automobile in a place of peril. The Court of Appeals, on this point, reached the following conclusion: "The undisputed testimony, corroborated by the physical facts, disclosed this to be when the locomotive straightened out from rounding the curve and within a distance from the crossing in which the locomotive could not stop." This being true, the defendant was entitled to the general charge.
It follows, therefore, that the writ must be denied.
Writ denied.
GARDNER, BOULDIN, and FOSTER, JJ., concur. *Page 269