148 So. 860

### SMITH v. STATE.
### 4 Div. 710.

Supreme Court of Alabama.

May 11, 1933.

Rehearing Denied June 22, 1933.

Guy W. Winn, of Clayton, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., opposed.

KNIGHT, Justice.

The petitioner, Victor Smith, was indicted for the offense of murder in the second degree by the grand jury of Barbour county, sitting at Eufaula, by virtue of the Local Act of the Legislature of Alabama, approved February 12, 1879 (Acts 1878–79, p. 106), entitled an act "To regulate the holding of the circuit courts of Barbour County."

The trial was had at Clayton, in said county, at the first term, 1932, of the circuit court, and the trial resulted in the conviction of the defendant of manslaughter in the first degree, and his punishment was fixed by the jury at imprisonment in the penitentiary for one year. The court upon this verdict proceeded to sentence the defendant to imprisonment in the penitentiary for one year. The defendant duly prosecuted an appeal from the verdict and sentence of the court to the Court of Appeals. This latter court held that the circuit court was without power to impose a penitentiary sentence upon the defendant, inasmuch as the term of imprisonment fixed by the jury was for one year, and the cause was remanded to the circuit court for proper sentence, but otherwise affirmed the conviction of the defendant.

The petitioner seeks by his petition in this court to review and revise the opinion and judgment of the Court of Appeals.

It is first insisted that the Court of Appeals "erred in holding the trial court had jurisdiction to try" the defendant.

■ True the defendant was indicted by the grand jury impaneled at a term, or sitting, of the court at Eufaula, but the fact remains that there is but one circuit court for Barbour county, and it has jurisdiction throughout the entire county. No objection, so far as the record discloses, was made by the defendant to his trial, upon arraignment in the court at Clayton. The court unquestionably had jurisdiction of the subject-matter, and we may say also it had jurisdiction of the person of the defendant.

■ The local act in question gave the defendant, if he resided west of the line between range 27 and range 28, the right, on his application in writing, or in open court, to have the cause transferred for trial at Clayton, and likewise, if he resided east of the said line between ranges 27 and 28, to have the cause transferred for trial to Eufaula, but this was a mere privilege which he could and did waive, by going to trial at Clayton without objection. Ex parte Rice, 102 Ala. 671, 15 So. 450; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754; Hines v. Hines, 203 Ala. 633, 84 So. 712; Sherrod v. State, 14 Ala. App. 57, 71 So. 76.

■ It is too clear to need argument to support it that the grand jury at Eufaula had

jurisdiction to indict violators of the criminal laws throughout the county.

▇ It results that the court, which tried the defendant, had jurisdiction of the subject-matter, and the defendant, by going to trial without objection, waived any benefits conferred upon him by the local act in question. It is of no moment just how the case was transferred from Eufaula to Clayton; in the absence of any showing to the contrary we would be authorized to presume a proper order for the transfer was made, if indeed one was necessary. It was not a question of change of venue from one county to another.

▇▇ In the opinion of the Court of Appeals, it is stated that the evidence was in conflict, and presented a jury question, and we will not, under our uniform ruling, explore the record to determine whether the Court of Appeals was correct in its finding of fact. We will not disturb the finding and conclusion of the Court of Appeals on the facts presented by the record. Kirkwood v. State, 184 Ala. 9, 63 So. 990; Ex parte State, 181 Ala. 4, 61 So. 53; Ex parte Williams, 182 Ala. 34, 62 So. 63; Ex parte Western Union Tel. Co., 183 Ala. 451, 63 So. 88; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Trawick v. State, 217 Ala. 149, 115 So. 79; Williams v. State, 222 Ala. 584, 133 So. 737; Ex parte Hale (Hale v. Southern Ry. Co.), 225 Ala. 267, 142 So. 589.

▇ It appears from the opinion of the Court of Appeals that no exceptions were reserved to those parts of the court's oral charge here complained of, and therefore the same were not properly presented for review by the Court of Appeals, nor here.

The foregoing disposes of all matters pressed upon our attention by petitioner in his petition for certiorari, and, finding no error, the writ of certiorari must be and is denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.