## HOUSTON v. STATE.

### 4 Div. 714.

Supreme Court of Alabama.

May 25, 1933.

Rehearing Denied June 22, 1933.

Chauncey Sparks, of Eufaula, for the motion.

Thos. E. Knight, Jr., Atty. Gen., opposed.

**KNIGHT, Justice.**

This cause is before us on petition for certiorari to the Court of Appeals, to review and revise the judgment of that court in affirming the conviction of the petitioner, in the circuit court of Barbour county, of the offense of the unlawful possession of a still, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

One of petitioner's contentions here made is, that he was, under the evidence, entitled to the affirmative charge, which was refused to him by the trial court. Unfortunately for the petitioner, the contention cannot prevail here, as the Court of Appeals, in its opinion rendered in the cause, has determined that the evidence adduced upon the trial was such as to present a jury question as to the guilt or innocence of the defendant. This court will not review the findings of the Court of Appeals as to the facts in the case, nor disturb its conclusion and finding on the facts presented by the record. Hale v. Southern Rwy. Co., 225 Ala. 267, 142 So. 589; Kirkwood v. State, 184 Ala. 9, 63 So. 990; Ex parte State, 181 Ala. 4, 61 So. 53; Ex parte Williams, 182 Ala. 34, 62 So. 63; Ex parte Western Union Tel. Co., 183 Ala. 451, 63 So. 88; Trawick v. State, 217 Ala. 149, 115 So. 79; Williams v. State, 222 Ala. 584, 133 So. 737; Postal Tel.-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

Likewise, whether charge 14 requested in writing by petitioner, and refused by the trial court, was a proper charge under the evidence, we need not determine, as the Court of Appeals holds that this charge was "fairly and substantially covered by the oral charge and also by special charges given at the instance of defendant." Under our uniform ruling, we will assume that this finding of the Court of Appeals is sustained by the record.

The question propounded to the witness Wilson, "How did he (defendant) walk around that still," was asked on rebuttal. In brief of petitioner, it is insisted that the question called for a conclusion of the witness, and it is further insisted, in brief, that the evidence was "irrelevant, incompetent and inadmissible." The accused had testified that he was a cripple, and had exhibited his crippled condition to the jury. We think the question called for testimony that was material and relevant, and was not subject to the objection made in brief, but not disclosed in the bill of exceptions, viz., that it called for a conclusion of the witness. Mayberry v. State, 107 Ala. 64, 18 So. 219; 1 Whart. Ev. § 511; Lawson on Expert and Opinion Evidence, 460; Orr v. State, 225 Ala. 642, 144 So. 867.

The foregoing disposes of all questions presented for review, adversely to petitioner, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.