189 So. 907

## MILAZZO v. STATE.

### 6 Div. 519.

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

Beddow, Ray & Jones, of Birmingham, for petitioner.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The question for decision is the right of review of the Court of Appeals under the opinion rendered.

The opinion of the Court of Appeals is as follows:

"This is a companion case to that of Tortomasi v. State, Ala.App., 189 So. 901.

"The two cases were argued jointly in this court and were submitted at the same time.

"It affirmatively appears from the records of the two cases, that Charlie Tortomasi, upon the occasion in question, killed Joe Nasser, the deceased named in the indictment, by shooting him with a pistol. And the evidence tended to sustain the insistence of the State to the effect, that the killing was the result of a conspiracy between Tortomasi and this appellant to take the life of Nasser for the reason that Nasser and others had hi-jacked their truck containing about 300 cases of beer.

"As stated in briefs of counsel 'all points raised in the Milazzo case are similar to those presented to this court in the Tortomasi case,' it follows that a decision in this case may be rested upon the judgment and decision in the Tortomasi case. The judgment of conviction from which this appeal was taken is affirmed upon authority of Tortomasi v. State, supra."

The contention of appellant is that much illegal evidence was presented against him over his objection and that much legal evidence in his behalf offered by him was rejected by the court below; that much of the evidence which the jury was permitted to consider was not such evidence as the jury had a legal right to consider. Petitioner contended, also, that he was denied the right to present all legal evidence in his behalf, thereby being deprived of his constitutional right to be heard, in his own defense, denied the right to the equal protection of the laws and denied due process of law. He further contends that the jury's verdict was thereby probably influenced and that the jury's verdict would probably have been different had only legal evidence been admitted against him, and had all legal evidence in his behalf been admitted by the court below.

The appellant further insists that:

"The instant case is the same as though the Court of Appeals had rendered a judgment of affirmance *without any opinion and without any finding of fact.* Since the Court of Appeals did not deal with any question of fact or law presented by the appeal, there is no difference.

"It therefore follows that if the Supreme Court of Alabama is to have any effective supervision of the Court of Appeals the Supreme Court of Alabama must have and exercise jurisdiction to require the Court of Appeals to present the questions of law and fact which are submitted to it in such manner as that the Supreme Court of Alabama may know what its judgment decides."

Otherwise stated by appellant, his contention is: "May the Court of Appeals by a mere judgment, without opinion stating facts and conclusions of law derived therefrom so decide an appeal to it that the Supreme Court of Alabama may not be informed with respect to the questions of law presented and the rulings thereon, and thereby deprive the Supreme Court of Alabama of its supervisory jurisdiction under the Constitution. Or is such action by the Court of Appeals erroneous and its action in that respect subject to the coercive power of the Supreme Court to require the Court of Appeals to set out its ruling on

the questions of law presented by the appeal?"

In Ex parte Atlantic Coast Line R. Co., 190 Ala. 132, 67 So. 256, this court stated the rule that has long prevailed that the finding of fact by the Court of Appeals is conclusive. Ex parte Steverson, 177 Ala. 384, 58 So. 992. This rule has been consistently followed and applied in this jurisdiction. 112 A.L.R. 1385 N.

In Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674, Mr. Justice Foster thus applies the rule: "While the rule has frequently been referred to by this court that, upon certiorari to the Court of Appeals to review its rulings, it will not review the facts 'for the purpose of revising the application of same to the law by said Court of Appeals' (Postal Telegraph & Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Ex parte Savannah Williams, 182 Ala. 34, 62 So. 63), this court, however, will review the rulings of said court, to ascertain if it has correctly determined legal conclusions from facts found by it to exist in the record, or has misapplied the law to such facts (Lancaster v. State, 214 Ala. 2, 106 So. 617).

In Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721, this court held that when there is no dispute about the facts, we will examine the record for a more complete understanding of those features which are treated by the Court of Appeals.

In Ex parte Hale, 225 Ala. 267, 142 So. 589, Mr. Justice Knight observes: "The appellant, in his brief filed in support of his petition for the writ, seems to think that this court will treat the case as one where the appeal comes direct to this court. By the uniform ruling of this court, we will not disturb the conclusion and finding of the Court of Appeals on the facts presented by the record. Our review is confined to questions of jurisdiction and law. Kirkwood v. State, 184 Ala. 9, 63 So. 990; Ex parte State, 181 Ala. 4, 61 So. 53; Ex parte Williams, 182 Ala. 34, 62 So. 63; Ex parte Western Union Tel. Co., 183 Ala. 451, 63 So. 88; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Trawick v. State, 217 Ala. 149, 115 So. 79; Williams v. State, 222 Ala. 584, 133 So. 737." See also Smith v. State, 227 Ala. 160, 148 So. 860. And in Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393, 395, the further observation is made:

"The rule of review declared in the Rochester-Hall Drug Co. case, supra, was reaffirmed in the cases of Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271; Fairbanks, Morse & Co. v. Dees et al., 220 Ala. 41, 126 So. 624; Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839.

"The above being the established rule of this Court in reviewing the opinions and judgments of the Court of Appeals, it follows that we are required in this case to determine whether or not that court has misapplied the law to the facts as found by it, or has reached an incorrect legal conclusion from the facts found by it to exist in the record."

Is not, then, the judgment of the Court of Appeals to the effect that the trial court was free from error in rulings on admission and rejection of evidence, in a determination concerning the legal questions and the admissibility of such evidence and testimony of the several witnesses, indicated in appellant's brief, conclusive upon this court?

In the instant case the petitioner complains that the opinion of the Court of Appeals does not touch upon any question at issue on appeal determined by its judgment. It is insisted that in this "state of affairs the Supreme Court will look to the entire record in the Court of Appeals and determine whether or not the judgment of the Court of Appeals holding the record to be free of reversible error has improperly determined evidence to be legally admitted when in fact such evidence was legally inadmissible and has determined that the defendant on trial below was accorded his legal right to produce all legal evidence in his behalf when in fact he was denied the right to present testimony to the jury for their consideration which under the law he had the right to so present."

It is declared by this court that when an order and judgment is rendered which is not subject of review by appeal or other revisory remedy, working injury, and there is no other full and adequate legal remedy to correct or to prevent the same, mandamus is available. Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836; Ex parte Hayes, 92 Ala. 120, 9 So. 156.

By the reference in this decision, the record and finding of fact contained in the case of Charlie Tortomasi v. State,

supra, may be adverted to and considered in this petition.

We learn therefrom that the charge was conspiracy that resulted in the homicide; that this defendant was charged as a co-conspirator to such end; that the other case was tried first and resulted in judgment of conviction, and that there was evidence of flight on the part of the co-conspirator Simonetti.

It is now urged by petitioner's counsel that "while it is true that in the main the case of Charlie Tortomasi and the case of this defendant are substantially the same, that in many particulars there is a difference and that one case cannot decide the other." And this petitioner further urges that the Court of Appeals lapsed into error when it attempts to quote from appellant's brief to the effect that "all points raised in the Milazzo case are similar to those presented to this court in the Tortomasi case. This petitioner says that the cases were argued jointly in the Court of Appeals on oral argument but that separate briefs were filed and that particular errors pointed out in the Milazzo case and particular errors pointed out in the Tortomasi case and that each of the questions raised by the petitioner for this writ of certiorari were particularly presented to the Court of Appeals filed by this petitioner. And that no such concession was made, as briefs will verify."

However this may be, the finding of the Court of Appeals upon the question is clearly stated in the opinion and such result of the argument is accepted by this Court.

The judgment of the Court of Appeals (without mention thereof in the opinion rendered) is that the court below properly permitted the solicitor to introduce evidence at great length, covering more than twenty pages, to the effect that an alleged co-conspirator Frank Simonetti (who was later acquitted of any offense) fled the scene of the homicide after the homicide and attempted to conceal himself from officers of the law. The effect of the judgment of the Court of Appeals is to hold that the trial court properly permitted, over the objection of this defendant, certain questions.

The action of the trial court, in allowing such evidence to be introduced (after flight of a co-conspirator) was error, under the decisions of this Court. Lowmon v.

State, 161 Ala. 47, 50 So. 43; Vol. 6, Alabama Digest, Criminal Law, ⊙424; National Park Bank v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69.

What, then, is the effect of the decision of the Court of Appeals, as affecting this and other rulings on the admission and rejection of evidence? It was to say that there was no error in the rulings or that the same came within Rule 45, such evidence being without prejudice when the whole record is considered. Slayton v. State, 234 Ala. 9, 173 So. 645.

It has been repeatedly decided that the right of petitioner for certiorari, under the circumstances of this case [as disclosed by the opinions of the Court of Appeals in this and in the case of Charlie Tortomasi v. State, Ala.App., 189 So. 901], may not support a petition for certiorari. Tortomasi v. State, supra; Loveman, Joseph & Loeb v. Himrod, 226 Ala. 342, 147 So. 163; Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180; and it therefore results that the petition for certiorari should and will be denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur in conclusion and in the denial of the writ.