22 So.2d 543

## OSBORN v. STATE.

### 7 Div. 840.

Supreme Court of Alabama.
June 7, 1945.

J. B. Sanford, of Talladega, and Handy Ellis, of Columbiana, for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner Osborn was indicted for murder in the Circuit Court of Talladega County, was tried and convicted of manslaughter in the first degree, and the punishment fixed by the jury at nine years and eleven months in the penitentiary, for which he was duly sentenced. He prosecuted an appeal to the Court of Appeals where the judgment of conviction and sentence was affirmed. He seeks by this petition for writ of certiorari to review the opinion of the Court of Appeals, alleging that said court erred:

"In affirming said cause.

"In holding that the trial court did not err in overruling appellant's motion for new trial in the Circuit Court of Talladega County, Alabama.

"In that part of the opinion in which it was held, 'It was shown without dispute that he shot with a pistol and killed, at the same

time, but not with the same shot, two policemen of the town of Childersburg, Alabama; one Albert DeLoach, and one Austin Hammett.'

"In that part of the opinion as follows: 'It is without dispute that the only pistol fired during the melee—to call it that—was the one fired by appellant.' "

In support of these grounds, the petitioner argues that there was evidence offered on the trial warranting an inference that Hammett, the deceased, was killed by a bullet fired from the pistol of DeLoach, a fellow policeman, and that the trial court erred to his prejudice in instructing the jury in the oral charge that:

"You should first consider defendant's plea of self-defense, and if that plea is not sustained then you should convict the defendant for one of the four degrees of homicide charged in the indictment; first, murder in the first degree; second, murder in the second degree; third, manslaughter in the first degree; and fourth, manslaughter in the second degree. * * *

"If, on the other hand, you find that he was not acting in self-defense, as I have explained that to you, then it would be your duty to find the defendant guilty of one of the degrees of unlawful homicide as I have defined those degrees to you."

The case was tried in the circuit court, and motion for new trial passed on, before the passage of the act approved July 12, 1943, abolishing bills of exception, General Acts 1943, p. 423, Code 1940, Tit. 7, § 827(1) et seq., and it does not appear in the bill of exceptions that an exception was reserved to the excerpt from the oral charge upon which the petitioner bases his argument. It clearly appears from the face of the petition that the petitioner is seeking to review the Court of Appeals on a finding of fact. The opinion of the Court of Appeals states: "It was shown without dispute that he (defendant) shot with a pistol and killed, at the same time, but not with the same shot, two policemen of the town of Childersburg, Alabama: one Albert DeLoach, and one Austin Hammett. He was indicted for murder in the first degree, separately, for the killing of each of the two men. The present appeal is concerned, only, with his killing of Austin Hammett."

It is firmly settled by the decisions of this court that a finding of fact made by the Court of Appeals cannot be reviewed by the common-law writ of certiorari.

Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The prayer of the petition for issuance of writ of certiorari is denied.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.